IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

CORNELL RESEARCH FOUNDATION, INC.,
and CORNELL UNIVERSITY,

                    Plaintiffs,

                                                    Civ. Action No.
                                                    5:01-CV-1974 (NAM/DEP)

          vs.

HEWLETT PACKARD COMPANY,

                    Defendant.
_____

APPEARANCES:                            OF COUNSEL:

FOR PLAINTIFFS:

SIDLEY AUSTIN BROWN & WOOD        EDWARD POPLAWSKI, ESQ.
555 W. Fifth Street, 40th Floor          DENISE McKENZIE, ESQ.
Los Angeles, CA 90013                   SANDRA FUJIYAMA, ESQ.

FOR DEFENDANT:

HISCOCK, BARCLAY LAW FIRM        ROBERT A. BARRER, ESQ.
Financial Plaza
P.O. Box 4878
Syracuse, NY 13221

GRAY, CARY LAW FIRM               JOHN ALLCOCK, ESQ.
401 B Street                              LICIA VAUGHN, ESQ.
Suite 2000                                STEWART BROWN, ESQ.
San Diego, CA 92101

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Currently pending before the court are a variety of discovery disputes which have arisen in connection with this matter.  This order is intended to address a majority of the outstanding matters, many of which were the subject of a hearing conducted on September 14, 2005 and a bench decision rendered at the conclusion of that hearing, which decision is incorporated herein by reference.

I.    Privilege Log (Dkt. No. 378)

In their motion, plaintiffs seek production of documents withheld by the defendant under claim of privilege, and listed in a log produced to the plaintiffs.  All or some of the disputed documents relate to an opinion rendered by Fulbright & Jaworski regarding the '115 patent.  Within ten (10) days of the date of this order, defendant shall produce documents identified as Nos. 2-3, 5-28, 31, 46-59, 64-65, 68, 72 and 73, on the aforesaid privilege log, together with all opinion letters received from the firm of Fulbright and Jaworski regarding the '115 patent and defendant's response to CU Interrogatory No. 2, dated July 30, 2004, for *in camera* review by the court of the disputed documents.

2

II.     Slide Sets (Dkt. No. 402)

        This motion made by the plaintiffs focuses upon materials, including

but not limited to slide sets, generated in connection with the

contemplated introduction of the PA-8000 family of processors at Hewlett

Packard.  The requirement that defendant produce all such materials

within its possession, custody or control – a requirement that has

previously been imposed – is hereby reiterated.  To the extent defendant

asserts that despite a reasonable and thorough search it has been unable

to locate any such materials not previously provided, including but not

limited to slide sets, it will be required to certify to that effect.

III.    Schematics (Dkt. No. 396)

        Plaintiffs' motion regarding schematics addresses defendant's

alleged failure to produce all schematics relating to the PA-8000 accused

processors.  Within thirty (30) days of the date of this order, defendant

shall produce and make available to plaintiffs' counsel, in a format and at

a time, date and place to be negotiated, all schematics within its

possession, custody or control, listed in the attached representative list of

schematics for the PA-8000 family of processors, including all iterations

and non-identical copies of such schematics, and all notes and comments

3

to such schematics.[1]  In the event that plaintiffs desire copies of any of those schematics, they shall be provided at plaintiffs' expense.  When produced, each schematic should clearly identify the PA-8000 processor or family member to which it relates, the corresponding version or revision number, and which schematic it represents. Thereafter, defendant will be required to certify that it has conducted a reasonable and thorough search and has produced all schematics within its possession, custody or control falling within the scope of the foregoing requirement.  Following production of the required schematics, plaintiffs shall be permitted to take deposition of one or more Hewlett Packard employees knowledgeable regarding such schematics in order to assist in correlation of the schematics and understanding similarities, changes and/or differences in the various versions or revisions.  Without prejudice to plaintiffs' right to reapply to the court and demonstrate the need for additional time, defendant shall not be required to provide plaintiffs with further access to electronically maintained schematics.

---

[1]      It has been brought to the court's attention that the attached listing may not bear proper capitalization.  Defendant is ordered to comply with this directive regardless of whether the specified schematics are labeled in capitals, or instead lower case letters.  Defendant also notes that further investigation has yielded additional information regarding the representative schematics.  The parties are encouraged to negotiate and finalize a corrected list of schematics for production under this order.

IV.   <u>Pivot Tables (Dkt. No. 377)</u>

At issue with respect to this motion are market survey materials relating to the PA-8000 family of processors, which defendant was ordered to produce on prior occasions. After defendant represented that it had produced all such market survey materials within its possession, custody or control, including IDC tracking data, plaintiffs obtained directly from IDC survey tracking data pertaining to the PA-8000 processors, at a cost of $10,000. Based upon my finding that certain materials falling within the scope of the court's directive in this regard were within the possession, custody or control of the defendant, but not produced to the plaintiffs as ordered, I award plaintiffs $10,000, representing the expense of obtaining such materials. Against that amount, defendant is entitled to credit in the amount of $5,000 – the amount charged by plaintiffs to produce copies of the disputed materials to the defendant. Plaintiffs shall also be permitted to depose John Wittschut regarding the IDC tracking data/pivot tables, for a period not to exceed four hours in duration.

In addition, I award plaintiffs all costs associated with their motion. Plaintiffs may make application for such costs within thirty (30) days of the date of entry of this order. Thereafter, defendant shall have an additional

fourteen (14) days to file objections to the amount of costs sought in connection with this motion.  I deny, however, plaintiffs' request for a preclusion order, and similarly deny defendant's motion (Dkt. No. 350) to strike exhibits N and O which were offered and received in evidence in connection with the December 16, 2004 evidentiary hearing.

V.    Top Five Customers/Contempt (Dkt. No. 369)

Plaintiffs seek an order of contempt and a preclusion order based upon defendant's failure to comply with the court's directive that it provide to plaintiff, on or before January 31, 2005, a list of its top five customers in 1996 for servers and workstations that contained, or may have contained, PA-8000 family processors.  In connection with that request, the court hereby certifies the following facts to District Judge Norman A. Mordue in connection with plaintiffs' request for a finding of contempt:

1)    At a hearing conducted on September 28, 2004, during which defendant's alleged non-compliance with discovery requests seeking customer information was addressed, counsel for defendant offered to identify the top five workstation and server customers in 1996 provided that plaintiffs agreed they would not disclose to those customers that they had been identified as being among the top five.  9/28/04 Hearing

6

Transcript (Dkt. No. 329) at 37-38.

2)      In a decision rendered orally on October 12, 2004, I directed defendant "to honor its commitment to provide the identity of the top five customers of servers, and the top five customers of workstations, containing or potentially containing the P.A. eight thousand accused processors, in 1996, subject to Cornell's agreement not to disclose to those customers that they are, in fact, among the top five customers in that regard."  10/12/04 Hearing Transcript (Dkt. No. 330) at 18.

3)      During the October 12, 2004 hearing the court added that "hopefully the parties can prepare a stipulation that will provide to that effect."  10/12/04 Hearing Transcript (Dkt. No. 330) at 8.  The court's intention in that regard was that the stipulation would address only the condition attached to disclosure – that is, that plaintiffs agree not to disclose to the customers the fact they were among the top five in 1996.

4)      At no time during the October 12, 2004 hearing or thereafter, until this motion was filed, did defendant advise the court that it had misinterpreted counsel's commitment and, in fact, defendant was unable to comply with that directive.

5)      On October 21, 2004 I issued an order which provided, *inter*

7

*alia,* as follows:

> Defendant is directed to disclose to plaintiffs the
> identity, including name, address and a contact
> person, of each of the top five customers in 1996
> for servers, and each of the top customers in 1996
> for work stations, separately stated, which do or
> may contain any of the accused processors. This
> requirement is subject to plaintiffs' agreement not
> to disclose to those customers the fact of their
> status as "top five" Hewlett Packard customers.

10/21/04 Order (Dkt. No. 326) ¶ 7(a). That order, however, did not set a

deadline for compliance.

6)      In a hearing conducted on December 16, 2004, I directed that

compliance with the requirements of my October 21, 2004 order occur on

or before January 31, 2005. 12/16/04 Hearing Transcript (Dkt. No. 333) at

226-27.

7)      Between the time of its issuance and the filing of plaintiffs'

contempt motion, defendant neither sought reconsideration of the October

21, 2004 order nor informed the court of its inability to comply with the top

five customer list portion thereof.

8)      Defendant did not provide plaintiffs with the required 1996 top

five customer lists for workstations and servers on or before January 31,

2005.

9)     Promptly following issuance of the October 21, 2004 order, plaintiffs advised defendant of its agreement to the condition preceding imposed with respect to disclosure of the top five customer information.

10)     Subsequent to the issuance of my October 21, 2004 order defendant offered to provide the required 1996 information under the terms of a proposed stipulation which contained conditions neither contemplated by the court, nor included in its order.  Those proposals were therefore properly rejected by the plaintiffs.

11)     It was not until on or about July 21, 2005 that defendant made an effort to comply with the court's directives by providing its "best estimate" of the top five customers for workstations and servers in 1996.

12)     In my October 21, 2004 order I denied an earlier request by plaintiffs for sanctions and/or a contempt order, based upon defendant's failure to comply with an earlier discovery order, stating "if I determine that any party has failed to provide proper, requested discovery, and in particular information ordered to be disclosed by the court, I will impose harsh sanctions which could include a preclusion order with regard to certain claims, defenses or issues in the case."  10/21/04 Order (Dkt. No. 326) ¶ 7(c).

9

In addition to the foregoing certification I grant, in part, plaintiffs' application for a preclusion order, as follows:

1)    Defendant shall be precluded from maintaining, either on motion or at trial, that any evidence introduced by plaintiffs concerning customer demand/customer preference is deficient or defective because of lack of testimony or other information from customers.

2)    It is established that, at least as of 1996, HP's customers for servers and workstations had received HP's press releases of March 6, 1995 (HP 049580-049583), November 2, 1995 (HP 049588-049591) and April 3, 1996 (HP 041234-041235).  Those press releases were intended to convey to HP's customers that the "Intelligent Execution" feature discussed in them was at least one of the reasons why they should buy HP servers and workstations containing PA-8000 family processors.

In awarding this relief, the court finds, particularly in light of the history of this case and the court's prior warnings, that a preclusion order is not only appropriate but necessary in order to preserve and maintain respect for the judicial process and to deter defendant and others from engaging in similar discovery abuses in the future.[2]

---

[2]       The preclusion order set forth herein was expanded beyond that ordered on September 14, 2005, based upon further reflection by the court regarding the

In addition to the foregoing, plaintiffs are hereby awarded the costs associated with their motion.  Plaintiffs may make application for such costs within thirty (30) days of the date of entry of the order.  Thereafter, defendant shall have an additional fourteen (14) days to file objections to the amount of costs sought in connection with this motion.

VI.   Defendant's Discovery Motion (Dkt. No. 385)

Defendant's discovery motion seeks to compel plaintiffs to provide supplemental responses to interrogatories and document production requests.  With respect to that motion, plaintiffs shall be required to produce, within ten (10) days of the date of this order, all original, nonprivileged documents contained in the licensing files maintained with respect to the '115 patent for inspection and, if desired, for photocopying at defendant's expense.  In the event that photocopies are requested such copies shall be coded to reflect the color coding contained in the originals of such documents.

In addition, defendant's motion to compel plaintiff's compliance with this court's earlier order, requiring a supplemental response to interrogatory no. 5, is granted.  Plaintiffs are admonished that their

---

matter.

supplemental response to interrogatory no. 5 must be thorough and complete, and in narrative form, and must include reference to and a description of recent discussions regarding the '115 patent with IBM. Although the court welcomes any helpful cross references to relevant documents, by identifying Bates numbers or otherwise, Rule 33(d) of the Federal Rules of Civil Procedure may not be invoked, and the contents of such documents may not be incorporated by reference into the supplemental response. Plaintiffs' response to interrogatory no. 5 shall be submitted to the court, simultaneously with service upon defendant, for review. Plaintiffs are admonished that in the event the court finds that the supplemental response to interrogatory no. 5, served in compliance with this order, is deficient it will issue appropriate sanctions, including potentially a preclusion order.

Defendant's motion for an order requiring further responses to interrogatories is denied with respect to nos. 3 and 13, but is granted with regard to nos. 15 through 17.

Defendant's request for production of documents within the possession of Dr. Torng, H. Walter Haeussler and Dr. James Severson is denied, without prejudice to defendant's right to issue subpoenas to those

12

individuals, pursuant to Rule 45 of the Federal Rules of Civil Procedure,

seeking additional documents.  Compliance with this order, insofar as it

relates to interrogatories nos. 5, 15, 16 and 17, shall occur within ten (10)

days of the date of this order.

Defendant is hereby awarded costs associated with this motion.

Defendant may make application for such costs within thirty (30) days of

the date of entry of the order.  Thereafter, plaintiffs shall have an

additional fourteen (14) days to file objections to the amount of costs

sought in connection with this motion.

VII.   Proposed Discovery Requests (Dkt. Nos. 335, 336 and 340)

In accordance with my order dated October 21, 2004 (Dkt. No. 326),

the parties have submitted proposed discovery requests to be served

addressing matters that were raised in that order.  The following rulings

made with regard to those discovery requests:

1)   Plaintiffs' Proposed Requests (Dkt. No. 336)

a)   Interrogatories

No. 1 - approved, except that subsection (d) should be

restricted to documents upon which defendant will rely at trial to support

or otherwise relate to defendant's response to the interrogatory and to

defendant's contention as to acceptable, non-infringing substitutes or alternatives.

No. 2 - approved.

No. 3 - approved, except that section (C)(5) is to be limited to documents upon which defendant intends to rely at trial regarding such value.

No. 4 - approved.

No. 5 - approved.

No. 6 - approved, except that subsection (b) shall be limited to all documents upon which defendant intends to rely at trial to support such contention.

No. 7 - approved.

No. 8 - approved.

No. 9 - approved.

b)   RFPs

No. 1 - approved, except as to the request for "documents which explain HP accounting procedures[.]"

No. 2 - approved.

No. 3 - approved.

14

No. 4 - approved.

No. 5 - approved.

No. 6 - approved, except subsection (f) shall be limited to files of the named individuals which include reference to the April 15, 2002 visit.

No. 7 - disapproved.

No. 8 - approved.

No. 9 - approved.

No. 10 - approved.

No. 11 - approved.

No. 12 - approved.

2)      Defendant's Proposed Requests (Dkt. Nos. 335, 340)

a)      RFPs pursuant to page 20 of 10/21/04 order.

No. 1 - approved, subject to insertion of a reasonable date range.

No. 2 - approved, subject to insertion of a reasonable date range and product specification and type.

No. 3 - approved.

No. 4 - disapproved.

15

No. 5 - approved.

No. 6 - disapproved.

No. 7 - approved.

No. 8 - approved

No. 9 - approved.

No. 10 - approved.

b)     RFPs and Interrogatories Pursuant to Page 19 of

10/21/04 Order

i)     RFPs

No. 1 - approved.

No. 2 - approved.

No. 3 - approved.

No. 4 - approved.

No. 5 - approved, subject to insertion of a

reasonable time period.

ii)     Interrogatories

No. 1 - approved.

No. 2 - approved.

No. 3 - approved.

16

No. 4 - approved.

No. 5 - approved.

iii)     Supplemental Interrogatory

No. 1 - approved.

VIII.   Meet and Confer

Given the number of issues outstanding and the various failed

efforts over time to resolve disputes amicably among the parties, lead

counsel of record, accompanied by any other attorneys or support

personnel deemed necessary and appropriate, are directed to meet and

confer in person for no less than two hours within thirty (30) days of the

date of this order to address outstanding issues in the case, including

though not limited to with respect to discovery and entering into

appropriate stipulations to narrow the issues for trial.  An agenda for that

meeting shall be prepared in advance, agreed upon by the parties, and

submitted to the court for its approval.

SO ORDERED.

Dated:     September 26, 2005
           Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

17