IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────

CORNELL RESEARCH FOUNDATION, INC.,
and CORNELL UNIVERSITY,

        Plaintiffs,

                      Civ. Action No.
                      5:01-CV-1974 (NAM/DEP)

  vs.

HEWLETT PACKARD COMPANY,

        Defendant.

───────────────────────────────────

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFFS:

SIDLEY AUSTIN BROWN & WOOD    EDWARD POPLAWSKI, ESQ.
555 W. Fifth Street, 40th Floor      DENISE McKENZIE, ESQ.
Los Angeles, CA 90013               SANDRA FUJIYAMA, ESQ.
                                              BRYAN K. ANDERSON, ESQ.

FOR DEFENDANT:

HARTER, SECREST LAW FIRM       JERAULD E. BRYDGES, ESQ.
1600 Bausch and Lomb Plaza
Rochester, NY 14604-2711

DLA PIPER, RUDNICK LAW FIRM    JOHN ALLCOCK, ESQ.
401 B Street                                 LICIA VAUGHN, ESQ.
Suite 2000                                   STEWART BROWN, ESQ.
San Diego, CA 92101                SEAN C. CUNNINGHAM, ESQ.
                                              ARTHUR A. WELLMAN, ESQ.

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

In accordance with my decision rendered orally in this matter on October 12, 2004, Dkt. No. 330, and the resulting order issued on October 21, 2004 to implement my various verbal rulings, Dkt. No. 326, plaintiffs have submitted to the court, for *in camera* review, certain documents relating to H. Walter Haeussler and claimed by Cornell to be exempt from production in response to defendant's discovery requests under the attorney-client privilege and/or work product doctrine. I have now reviewed those documents and, as reflected below, find that some of them are subject to disclosure, while others are deserving of the protection sought by the plaintiffs.

In making that determination, based upon my *in camera* inspection, I have looked both to the law of privilege under Federal Circuit jurisprudence, insofar as to any patent law issues are concerned, *see In re Spaulding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2002), as well as to the law of this circuit with regard to issues that are not unique to patent law. *In re Regents of Univ. of California*, 101 F.3d 1386, 1390 n.2 (Fed. Cir. 1996); *see also Rambus, Inc. v. Infineon Techs. AG*, 220 F.R.D. 264, 272 n.8 (E.D. Va. 2004). I have also considered that the burden of establishing entitlement to the protections of a privilege,

including the existence of each element essential to its applicability, rests upon the person resisting discovery on the basis of privilege. *Von Bulow v. Von Bulow*, 811 F.2d 136, 144 (2d Cir.), *cert. denied sub nom.*, *Reynolds v. Von Bulow by Auersperg*, 481 U.S. 1015, 107 S. Ct. 1891 (1987); *Bowne v. New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 470 (S.D.N.Y. 1993) (citing, *inter alia*, *Von Bulow*). Additionally, in making my determination I have applied the general rule that matters merely incidental to the attorney-client relationship, including retainer agreements and invoices, which do not also contain attorney client confidences, are not shielded from disclosure. *See Renner v. Chase Manhattan Bank*, No. 98 CIV. 926, 2001 WL 1356192, at *1-*2 (S.D.N.Y. Nov. 2, 2001).

Based upon the foregoing and my *in camera* review, I find that the following documents are not entitled to protection since they neither contain attorney work product, nor do they disclose the existence of any attorney-client confidences:

| Tab No. | Privilege Log No. | Description |
|---|---|---|
| 10 | 60 | Memorandum dated 5/27/88 from H.C. Torng to H. Walter Haeussler |
| 30 | 186 | Telefax transmission sheet dated 3/9/95 to Thomas R. Fitzgerald, Esq. from H. Walter Haeussler |
| 33 | 120 | Letter dated 3/17/95 to Thomas R. FitzGerald, Esq., from H. Walter Haeussler |
| 45 | 161 | Letter dated 11/21/95 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |

| Tab No. | Privilege Log No. | Description |
|---|---|---|
| 46 | 160 | Memorandum dated 11/27/95 to H. C. Torng from H. Walter Haeussler |
| 48 | 33 | Memorandum dated 1/22/96 to H. C. Torng from H. Walter Haeussler (**cover memorandum only**) |
| 52 | 156 | Handwritten memorandum dated 2/28/96 to H. Walter Haeussler from H. C. Torng |
| 64 | 71 | Memorandum dated 5/9/96 to H. Walter Haeussler from H. C. Torng |
| 72 | 14 | Letter dated 8/20/96 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |
| 73 | 64 | Letter dated 8/20/96 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |
| 81 | 3, 8 | Letter dated 8/20/96 to Thomas R. FitzGerald, Esq. from H. Walter Haeussler |
| 82 | 93 | Letter dated 9/25/96 to Thomas R. FitzGerald, Esq. from H. Walter Haeussler |
| 84 | 104 | Letter dated 9/27/96 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |
| 85 | 155 | Fax transmission dated 10/01/96 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |
| 88 | 165 | Fax transmission dated 10/11/96 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |
| 91 | 176 | Letter dated 1/17/97 to H. Walter Haeussler from H. C. Torng |
| 93 | 170 | Letter dated 3/3/97 to H. Walter Haeussler from H. C. Torng |
| 95 | 76 | Fax transmission dated 4/11/97 to H. Walter Haeussler from Michael Goldman, Esq. |
| 99 | 100 | Fax transmission dated 5/14/97 to H. Walter Haeussler from Michael Goldman, Esq. |
| 106 | 99 | Fax transmission dated 7/9/97 to H. Walter Haeussler and Tom R. FitzGerald, Esq. from Kelly Morron, Esq. (**cover page only**) |
| 108 | 95 | Memorandum dated 7/14/97 to Norman Scott from H. Walter Haeussler |

| Tab No. | Privilege Log No. | Description |
|---|---|---|
| 109 | 179 | Fax transmission dated 7/16/97 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |
| 110 | 163, 164 | Email dated 7/23/97 to H. Walter Haeussler and Rosemary G. Reynolds from Norman Scott |
| 112 | 94 | Fax transmission dated 8/1/97 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |
| 115 | 88 | Letter dated 2/12/98 to Thomas R. FitzGerald, Esq., from H. Walter Haeussler. |
| 116 | 191 | Letter dated 2/12/98 to Kelly Morron, Esq. from H. Walter Haeussler |

2) The following documents are not subject to protection, and thus are discoverable, as relating to matters incidental to the existence of the attorney-client relationship including, *inter alia*, fee arrangements and amounts billed:

| Tab No. | Privilege Log No. | Description |
|---|---|---|
| 96 | 97 | Retainer letter dated 4/21/97 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |
| 113 | 92 | Letter dated 1/20/98 to H. Walter Haeussler from Thomas R. FitzGerald, Esq. |

3) The following documents are found to implicate W. Walter Haeussler only in his licensing capacity, and do not disclose confidences relative to prosecution of the patent in issue or encroachment upon other protected areas associated with the attorney-client privilege or work product doctrine:

| Tab No. | Privilege Log No. | Description |
|---|---|---|

5

| 7 | 135 | Memorandum dated 5/3/88 from H.C. Torng to H. Walter Haeussler |
| --- | --- | --- |
| 35 | 109 | Letter dated 3/29/95 to H. Walter Haeussler to H. C. Torng |
| 37 | 169 | Letter dated 4/14/95 to H. Walter Haeussler to H. C. Torng |
| 38 | 38 | Letter dated 6/27/95 telefax transmission sheet to Michael L. Goldman, Esq., from Warren R. Danner **(cover page only)** |
| 44 | 184 | Letter dated 7/10/95 from Armstrong Wong (Hewlett-Packard Company) to H. Walter Haeussler **(letter only and excluding other pages of that document)** |
| 74 | 12 | Memorandum dated 8/22/96 to Norman Scott from H. Walter Haeussler |
| 78 | 10 | Memorandum dated 8/22/96 to H. Walter Haeussler from Norman Scott |
| 94 | 175 | Memorandum dated 3/5/97 to H.C. Torng from H. Walter Haeussler |
| 102 | 171 | Letter dated 6/19/97 to H. Walter Haeussler from H.C. Torng |
| 103 | 172 | Letter dated 6/20/97 to H. Walter Haeussler from H.C. Torng |
| 104 | 154 | Letter dated 7/8/97 to Norman R. Scott from H. Walter Haeussler |
| 111 | 153 | Email dated 8/18/97 to H. Walter Haeussler from Jack W. Lowe |

Based upon the foregoing it is hereby

ORDERED as follows:

1)   The documents referenced above shall be produced by the plaintiffs to the defendant within twenty (20) days of the date of this order.

2)   Pursuant to the court's local rules, this order is automatically stayed for a period of ten (10) days to permit either party to appeal and, if

6

such an appeal is filed, during the pendency thereof.  In the event of such an appeal, the story is extended until twenty (20) days, following its disposition.  If no appeal is filed, production shall occur within the timeframe set forth in paragraph (1), above.

      3)    The clerk shall file the letter dated November 20, 2004 received from Sandra S. Fujiyama, Esq., together with the enclosed binder of documents submitted for *in camera* review, under seal, such documents to be available only to court personnel and plaintiffs' authorized representatives.

      4)    The clerk is directed to promptly forward copies of this order to the parties via electronic means.

_____
David E. Peebles
U.S. Magistrate Judge

Dated:    December 30, 2005
             Syracuse, NY