5:01-CV-1974-NAM-DEP

Edward G. Poplawski
Bryan K. Anderson
Denise L. McKenzie
Sandra S. Fujiyama
Olivia M. Kim
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6601
Facsimile:  (213) 896-6600

Attorneys for Plaintiffs/Counterdefendants
   Cornell University and Cornell Research
   Foundation, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORNELL UNIVERSITY, a non-profit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a non-profit New York corporation,<br><br>                         *Plaintiffs,*<br><br>     v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br>                         *Defendant.* | Civil Action No.:  01-CV-1974-NAM-DEP<br><br>**PLAINTIFFS CORNELL UNIVERSITY AND CORNELL RESEARCH FOUNDATION'S OPPOSITION TO DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION *IN LIMINE* TO EXCLUDE OPINIONS OR TESTIMONY FROM CORNELL EXPERT MARION STEWART BASED UPON ROYALTYSOURCE ABSTRACTS**<br><br>**[HP MOTION IN LIMINE NO. 5 OF 5]**<br><br>JUDGE: Hon. Randall R. Rader<br>TRIAL:    May 19, 2008 |
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>                         *Counterclaimant,*<br><br>     v.<br><br>CORNELL UNIVERSITY, a non-profit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a non-profit New York corporation,<br><br>                         *Counterdefendants.* | |

LA1 1178615v.1

HP's motion should be denied for at least three reasons: (1) HP's motion is untimely, as it was filed 19 months after the deadline to file motions to exclude expert testimony; (2) Dr. Marion Stewart's methodology is reliable and has been accepted by numerous courts; and (3) HP's motion goes to weight and credibility, not admissibility.

## I.   HP's Motion Should Be Denied As Untimely.

The Court's Pretrial Scheduling Order of April 8, 2002 (Dkt. 11) states: "*Motions to preclude expert witness testimony must be filed and served on or before the dispositive motion deadline . . . .*" (Ex. A to Kim Decl., Dkt. 11, p. 2 at ¶ 6(a)(5).) The Court's Order of May 10, 2006 set a dispositive motion deadline of September 29, 2006. (*See* Ex. B to Kim Decl., Dkt. 613.) Thus, HP was required to file any motions to preclude expert testimony by September 29, 2006. Yet, HP failed, or opted not, to do so. HP's 19-month delay in bringing this motion amounts to "litigation by ambush" and provides an adequate and proper basis for denying HP's motion. *See*, *e.g.*, *Roane v. Greenwich Swim Comm.*, 330 F. Supp. 2d 306, 320 (S.D.N.Y. 2004) (denying "motions to exclude opinion testimony of expert witness" where "it was untimely filed" 18 days after deadline to file such motions). Accordingly, HP's motion should be denied as untimely.

## II.   HP's Motion Should Be Denied, Because Dr. Stewart's Methodology Is Reliable.

By the present motion, HP challenges Dr. Stewart's consideration of published license data from a third party data provider, RoyaltySource. HP argues that Dr. Stewart's consideration of data from RoyaltySource is a flawed methodology, because (according to HP) "Royalty Source Abstracts are distinct from and not comparable to the single-patent license that would have resulted from the hypothetical negotiation in this case." (Mot. at p. 2.)

HP's argument is unsupported. Indeed, courts have routinely permitted damages experts in patent cases to rely on data from RoyaltySource and other third party data providers.[1] These

---

[1] *See*, *e.g.*, *University of Pittsburgh v. Townsend*, No. 3:04-cv-291, 2007 WL 1002317, at *8 (E.D. Tenn. Mar. 30, 2007) (finding as reliable licensing expert's proffered royalty rate of "2% to 4%" of accused "PET/CT scanner" where expert relied on a "*2004 presentation from the president of RoyaltySource, which provides an average royalty rate in various industries*" and finding as reliable damages expert's *Georgia-Pacific*

cases confirm that it is appropriate for Dr. Stewart to rely on data from RoyaltySource to provide an appropriate benchmark as a "starting point" to his reasonable royalty analysis.[2]  Furthermore, in Dr. Stewart's extensive experience, such data is often relied upon in licensing negotiations and in a *Georgia-Pacific* analysis.  (*See* Ex. B to Stewart Decl., 09/08/06 Stewart Comments at p. 28; Ex. 2 to Penning Decl., Stewart Dep. Tr. at 106:1-12; Stewart Decl. at ¶¶ 4-8.)  Dr. Stewart has given testimony relying on RoyaltySource data in numerous cases, including at least three trials, and no court has excluded such testimony.  (*Id.*)

## III. HP's Motion Goes To Weight And Credibility, Not Admissibility Of Evidence.

HP's motion should also be denied, because HP's arguments that RoyaltySource abstracts are "distinct" and "not comparable" (Mot. at p. 2) and that "Dr. Stewart's analysis . . . is riddled with errors and omissions" (Mot. at p. 4) are precisely the types of attack on "credibility" and "weight" that are within the province of the jury.[3]

Respectfully Submitted,

DATED: May 2, 2008         By:     *s/ Olivia M. Kim*

Edward G. Poplawski
Bryan K. Anderson
Denise L. McKenzie
Sandra S. Fujiyama
Olivia M. Kim

---

analysis where he similarly "***reviewed third party sources as to applicable license rates***") (emphasis added); *Black & Decker v. Bosch Tools*, No. 04 C 7955, 2006 WL 5156873, at *1, 3-4 (N.D. Ill. 2006 Sept. 8, 2006) (denying motion *in limine* to exclude damages expert's testimony regarding third-party compilations of patent royalties, including ***compilations by RoyaltySource***).

[2] Notably, Dr. Stewart's analysis did not end there, but extended to an evaluation of additional economic and other factors affecting his *Georgia-Pacific* analysis.  (*See* Ex. B to Stewart Decl., 09/08/06 Stewart Comments at p. 28.)

[3] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595-96, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *United States v. Vesey*, 338 F.3d 913, 917 (8th Cir. 2003) ("gatekeeper role should not, however, invade the province of the jury"); *Black & Decker*, 2006 WL 5156873 at *4 (denying motion in limine, finding "whether these two [RoyaltySource] data compilations are widely used by the industry under comparable circumstances is an appropriate topic for cross-examining [the expert] at trial"); *Micro Chemical, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1393 (Fed. Cir. 2003) (rejecting challenge to expert's methodology); *Oxford Gene Tech. Ltd. v. Mergen Ltd.*, 345 F. Supp. 2d 431, 441-42 (D. Del. 2004) (same); *Engineered Products Co. v. Donaldson Co.*, 313 F. Supp. 2d 951, 1008-11 (N.D. Iowa 2004) (same).

3

**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, CA 90013-1010
Telephone: (213) 896-6601
Facsimile: (213) 896-6600

Nelson E. Roth (Bar Roll No. 102486)
Office of University Counsel
Cornell University
300 CCC Building, Garden Avenue
Ithaca, NY 14853-2601
Telephone: (607) 255-5124

Attorneys for Plaintiffs Cornell University and
   Cornell Research Foundation, Inc.