UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORNELL UNIVERSITY, a non-profit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a non-profit New York corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>*Defendant.* | **DEFENDANT HEWLETT-PACKARD COMPANY'S REVISIONS TO CORNELL'S MODIFIED PROPOSED PRELIMINARY JURY INSTRUCTIONS**<br><br>Civil Action No.:<br>01-CV-1974-NAM-DEP |
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>*Counterclaimant*,<br><br>v.<br><br>CORNELL UNIVERSITY, a non-profit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a non-profit New York corporation,<br><br>*Counterdefendants.* | Judge:   Hon. Randall R. Rader<br>Trial:    May 19, 2008 |

Defendant Hewlett-Packard Company hereby submits its revisions to Cornell's modified proposed preliminary jury instructions, as requested by the Court during the May 6, 2008 Pretrial Conference. For the Court's convenience, a redline is attached as Exhibit A.

I. PRELIMINARY INSTRUCTIONS (PRE-TRIAL)

PRELIMINARY INSTRUCTION

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact.

As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence.

After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions.

Pay close attention to the testimony and evidence.

If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be

unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. If any attorney, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not suppose to talk to you. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. By way of examples, that means you must not consult a dictionary, textbook, encyclopedia, talk with a person you consider knowledgeable, or go to the Internet for information about some issue or person in this case.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

Authority:

UNITED STATES COURT OF APPEALS FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTION NO. 1.1 (2006) (adapted).  8th Circuit Civil Jury Instruction § 1.05 (2007) (adapted).

## SUMMARY OF CONTENTIONS

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The Plaintiffs in this case are Cornell University and Cornell Research Foundation, collectively referred to as Cornell.  The Defendant is Hewlett-Packard Company which is sometimes referred to as HP.

This case involves United States Patent Number 4,807,115, titled "Instruction Issuing Mechanism for a Processor with Multiple Functional Units," issued to by Dr. Torng, and transferred by Dr. Torng to Cornell Research Foundation.  For convenience, the parties and I will often refer to this patent using only the last three numbers of the patent number, namely the '115 patent.  I have provided you a copy of the '115 patent so that you can refer to it as needed during the trial.

Cornell filed suit in this court seeking money damages from Hewlett-Packard for allegedly infringing the '115 patent by importing, using, selling, and offering for sale in the United States or its territories products that Cornell argues are covered by claims 1, 2, 6, 14, 15 and 18 of the '115 patent.  Cornell also argues that Hewlett-Packard actively induced its customers to infringe the '115 patent and contributed to its customers' infringement of the '115 patent.  Cornell also asserts that Hewlett-Packard willfully infringed the '115 patent.

Hewlett-Packard denies that it has infringed the asserted claims of the '115 patent. Hewlett-Packard also argues that the claims are invalid. I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or if the description in the patent does not meet certain requirements.

Your job will be to decide whether or not HP has infringed any asserted claims of the '115 patent and whether or not those claims are invalid. If you decide that HP has infringed any valid asserted claim of the '115 patent, you will then need to decide any money damages to be awarded to Cornell. You will also need to make a finding as to whether the infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I will take willfulness into account later.

Authority:

FEDERAL CIRCUIT BAR ASSOCIATION MODEL PATENT JURY INSTRUCTIONS, Instruction A.2 (2008) (adapted).

## PATENT AT ISSUE

*[The Court should refer to the '115 patent and point out the parts including the specification, drawings, and claims including the claims at issue. The Court may wish to include a joint, non-argumentative statement of the patented subject matter at this point in the instructions.]*

*[The Court may wish to hand out its claim constructions at this time. If the claim construction is handed out, the following instruction should be read:]*

I have already determined the meaning of certain terms in the claims of the '115 patent. You have been given a document reflecting those meanings. For those words in the claim for which I have not provided you with a definition, you should apply their plain English meaning.

You are to apply my definitions of these terms throughout this case. However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity. Those issues are yours to decide. I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

Authority:

FEDERAL CIRCUIT BAR ASSOCIATION MODEL PATENT JURY INSTRUCTIONS, Instruction A.3 (2008) (adapted).

## OVERVIEW OF APPLICABLE LAW

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Hewlett-Packard has infringed the asserted claims of the '115 patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. There are a few different ways that a patent may be infringed. I will explain the requirements for each of these types of infringement to you in detail at the conclusion of the case. In general, however, Hewlett-Packard may infringe the '115 patent by using, selling or offering for sale in the United States or its territories, or by importing into the United States, or its territories, a product or method that is covered by an asserted claim of the '115 patent. Hewlett-Packard may also indirectly infringe the '115 patent by actively inducing another person or entity to infringe or contributing to infringement by another entity. I will provide you with more detailed instructions on the requirements for each of these types of infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the '115 patent is invalid. As I just instructed you, a patent may be invalid for a number of reasons. One way that a claim may be invalid is if it is not new. If a claim is not new, it is said to be anticipated. For a claim to be invalid because it is anticipated, Hewlett-Packard must prove, by clear and convincing evidence, that all of the elements of a claim are described in a single previous document. Before you decide if all of the elements of the claim are described in that single previous document, Hewlett-Packard must prove by clear and convincing evidence that the document qualifies as "prior art." Generally, a document does not qualify as "prior art" unless it was publicly accessible more than a year prior to the '115 patent priority date. The priority date of the '115 patent is October 7, 1983, so here any document has to have been publicly accessible prior to October 7, 1982 for it to qualify as prior art. I will provide you with more detailed instructions on all of the requirements for a document to qualify as prior art at the conclusion of the case.

A patent may also be invalid if its description does not meet certain requirements. To be valid, a patent must meet the "written description" requirement. To meet this written description requirement, the description of the invention in the specification portion of the patent must be detailed enough to describe the invention that is claimed in the claims of the issued patent. A patent must also meet the "enablement" requirement. To meet the enablement requirement, the patent must permit persons of ordinary skill in the field of technology of the patent to make and use the invention without having to conduct undue experimentation.

If you decide that any claim of the '115 patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Cornell to compensate it for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer. The amount of those damages must be adequate to compensate Cornell for the

infringement. A damages award should put the patent holder in approximately the same financial position that it would have been in had the infringement not occurred, but in no event may the damages award be less than what Cornell would have received had it been paid a reasonable royalty for the use made of the invention. The damages you award are meant to compensate the patent holder and not to punish an infringer. You may not include in your award any additional amount as a fine or penalty in order to punish Hewlett-Packard. I will give you more detailed instructions on the calculation of damages at the conclusion of the case.

Authority:

FEDERAL CIRCUIT BAR ASSOCIATION MODEL PATENT JURY INSTRUCTIONS, Instruction A.4 (2008) (adapted).

## OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline by the lawyers to help you understand what that party expects the evidence will show.

There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding. On some issues, you must decide whether certain facts have been proven by a preponderance of the evidence. A preponderance of the evidence means that the fact that is to be proven is more likely true than not true. On other issues that I will identify for you, you must use a higher standard and decide whether the fact has been proven by clear and convincing evidence, i.e., that you have been left with a clear conviction that the fact has been proven.

This is different than standards that you may have heard about in criminal proceedings where a fact must be proven beyond a reasonable doubt. On a scale of these various standards of proof, as you move from preponderance of the evidence, where the proof need only be sufficient

to tip the scale in favor of the party proving the fact, to beyond a reasonable doubt, where the fact must be proven to a very high degree of certainty, you may think of clear and convincing evidence as being between the two standards.

After the opening statements, Cornell will present its evidence in support of its contention that some of the claims of the '115 patent have been infringed by Hewlett-Packard and that the infringement has been willful. To prove infringement of any claim, Cornell must persuade you that it is more likely true than not true that Hewlett-Packard has infringed that claim. To persuade you that any infringement was willful, Cornell must prove that the infringement was willful by clear and convincing evidence. Cornell will then also put on evidence on the amount of damages that it believes it is entitled to receive for Hewlett-Packard's infringement. Cornell must prove the amount of damages to which it contends it is entitled by a preponderance of the evidence.

Hewlett-Packard will then present its evidence that the claims of the '115 patent are invalid. To prove invalidity of any claim, Hewlett-Packard must persuade you by clear and convincing evidence that the claim is invalid. Besides presenting its evidence of invalidity, Hewlett-Packard will put on evidence responding to Cornell's proof of infringement and willfulness.

Finally, Cornell may then put on additional evidence responding to Hewlett-Packard's evidence that the claims of the '115 patent are invalid, and to offer any additional evidence of infringement and willfulness. This is referred to as "rebuttal" evidence. Cornell's "rebuttal" evidence may respond to any evidence offered by Hewlett-Packard.

During the presentation of the evidence, the attorneys will be allowed brief opportunities to explain what they believe the evidence has shown or what they believe upcoming evidence

will show. The attorneys comments are not evidence and the attorneys are being allowed to comment solely for the purpose of helping you to understand the evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case. These closing arguments by the attorneys are not evidence. After the closing arguments and instructions, you will then decide the case.

Authority:

FEDERAL CIRCUIT BAR ASSOCIATION MODEL PATENT JURY INSTRUCTIONS, Instruction A.5 (2008) (adapted).

## II.   INSTRUCTIONS DURING TRIAL

### CAUTIONARY INSTRUCTION – FIRST RECESS

We are about to take our first break during the trial and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the marshal to give to me.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Authority:

UNITED STATES COURT OF APPEALS FIFTH JUDICIAL CIRCUIT PATTERN JURY INSTRUCTION NO. 2.1 (2006).

## JUDICIAL NOTICE (FOR USE DURING TRIAL AS NECESSARY)

The Court has decided to accept as proved the fact that [state fact], even though no evidence has been introduced on the subject. You must accept this fact as true.

Authority:

NINTH CIRCUIT MODEL JURY INSTRUCTION NO. 2.3 (2007).

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Authority:

NINTH CIRCUIT MODEL JURY INSTRUCTION NO. 2.4 (2007).

Dated: May 9, 2008                                  Respectfully Submitted,

                                                /s/ Erin Penning
John Allcock (Bar Roll No. 502997)
Sean Cunningham (Bar Roll No. 513394)
Erin Penning (Bar Roll No. 513579)
**DLA PIPER US LLP**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Tel: 619.699.2700 Fax: 619.699.2701
E-mail: john.allcock@dlapiper.com

Barry K. Shelton (Bar Roll No. 503040)
**FISH & RICHARDSON P.C.**
111 Congress Avenue, Suite 810
Austin, Texas 78701
Tel: 512.226.8105 Fax: 512.320.8935
Email: shelton@fr.com

James C. Moore (Bar Roll No. 102219)
Jerauld E. Brydges (Bar Roll No. 511646)
**HARTER, SECREST & EMERY LP**
1600 Bausch & Lomb Place
Rochester, NY 14604-2711
Tel: 585.232.6500 Fax: 585.232.2152
E-mail: jbrydges@hselaw.com

Attorneys for Defendant/Counterclaimant Hewlett-Packard Company

**Certificate of Service**

     I hereby certify that on <u>05/09/08</u>, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification to the following:
<u>See attached list</u>


and that I mailed by United States Postal Service the document to the following <u>non</u> CM/ECF participants: _____.


S/ <u>Erin P. Penning</u>

**5:01-cv-1974 Notice will be electronically mailed to:**

John Allcock    john.allcock@dlapiper.com, lisa.watts@dlapiper.com

Bryan K. Anderson    banderson@sidley.com, grodriguez@sidley.com

Christopher P. Broderick    cbroderick@sidley.com

Stewart M. Brown    Stewart.Brown@dlapiper.com,

Jerauld E. Brydges    jbrydges@hselaw.com, jdygert@hselaw.com

Sean C. Cunningham    sean.cunningham@dlapiper.com, sally.jones@dlapiper.com

Valerie L. Dorn    kab264@cornell.edu, kjf29@cornell.edu, ner3@cornell.edu,

nws3@cornell.edu, vlc1@cornell.edu, wet2@cornell.edu

Sandra S. Fujiyama    sfujiyama@sidley.com, etorres@sidley.com

Olivia M. Kim    okim@sidley.com, mgutie01@sidley.com

Erin P. Penning    erin.penning@dlapiper.com, judith.frank@dlapiper.com

Denise L. McKenzie    dmckenzie@sidley.com, aweiss@sidley.com

James J. Mingle    jjml9@cornell.edu, ner3@cornell.edu; rkl9@cornell.edu; sdm6@cornell.edu

David T. Miyamoto    dmiyamoto@sidley.com, hyanagimachi@sidley.com

Edward G. Poplawski    epoplawski@sidley.com, labrown@sidley.com

Nelson E. Roth    kab264@cornell.edu, ner3@cornell.edu, nws3@cornell.edu,

vlc1@cornell.edu, wet2@cornell.edu

Barry K. Shelton    shelton@fr.com, tipton@fr.com; pickett@fr.com; marlow@fr.com

Licia E. Vaughn    licia.vaughn@dlapiper.com,

Arthur A. Wellman    arthur.wellman@dlapiper.com

**5:01-cv-1974 Notice will be delivered by other means to:**