UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CORNELL UNIVERSITY, a nonprofit New
York corporation, and CORNELL RESEARCH
FOUNDATION, INC., a nonprofit New York
corporation,

                            Plaintiffs,

               -v-

                                01-CV-1974

HEWLETT-PACKARD COMPANY, a
Delaware corporation,

                            Defendant.

---

HEWLETT-PACKARD COMPANY, a
Delaware corporation,

                            Counterclaimant,

               -v-

CORNELL UNIVERSITY, a nonprofit New
York corporation, and CORNELL RESEARCH
FOUNDATION, INC., a nonprofit New York
corporation,

                            Counterdefendants.

---

APPEARANCES:

Sidley Austin Brown & Wood
Bryan K. Anderson, Esq., of Counsel
David T. Miyamoto, Esq., of Counsel
Denise L. McKenzie, Esq., of Counsel
Edward G. Poplawski, Esq., of Counsel
Olivia M. Kim, Esq., of Counsel
Sandra S. Fujiyama, Esq., of Counsel
555 W. Fifth Street, 40th Floor
Los Angeles, California 90013

and
Cornell University, Office of Counsel
James J. Mingle, Esq., of Counsel
Nelson E. Roth, Esq., of Counsel
Valerie L. Cross, Esq., of Counsel
300 CCC Building, Garden Avenue
Ithaca, New York 14853
Attorneys for Plaintiffs/Counterdefendants

DLA Piper, Rudnick, Gray Cary US LLP
Erin P. Penning, Esq., of Counsel
John Allcock, Esq., of Counsel
Sean C. Cunningham, Esq., of Counsel
Arthur A. Wellman, Esq., of Counsel
Licia E. Vaughn, Esq., of Counsel
Stewart M. Brown, Esq., of Counsel
401 B Street, Suite 1700
San Diego, California 92101-4297
and
Harter, Secrest & Emery LP
Jerauld E. Brydges, Esq.
1600 Bausch and Lomb Plaza
Rochester, New York 14604-2711
and
Fish, Richardson Law Firm
Barry K. Shelton, Esq., of Counsel
111 Congress Avenue
Suite 810
Austin, Texas 78701
Attorneys for Defendant/Counterclaimant

**Hon. Randall R. Rader, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation:**

### ORDER

Presently before the court is Plaintiffs Bench Brief requesting exclusion of deposition testimony designated by Hewlett-Packard. Dkt. 1011. Cornell's motion is granted in part.

Cornell seeks to preclude Hewlett-Packard from offering deposition testimony by former Cornell Research Foundation President H. Walter Haeussler relating to the '115 patent license agreement between Cornell and Intel. In particular, Cornell seeks to exclude three of Hewlett-Packard's designations: (1) testimony concerning the amount Cornell offered to license the '115

patent to Intel for, <u>May 17, 2006 Haeussler Dep. Tr.</u> at 133:23-134:4; (2) testimony concerning the maximum amount Cornell has licensed a single patent for, <u>id.</u> at 113:25-114:3; and (3) testimony concerning the qualitative aspects of the division of the Intel license fees between Dr. Torng and Cornell, <u>id.</u> at 134:12-20, 164:11-15.

The first designation, which sets forth the dollar amount Cornell offered to license Intel for, unquestionably falls under this court's previous order precluding Hewlett-Packard from offering evidence Cornell's offers to Intel and Hewlett-Packard, and is therefore excluded. <u>See</u> Order re: Motions in Limine, Dkt. 996 at 5-8. Deposition testimony relating to the amounts of Cornell's offers to Intel is properly excluded under Federal Rules of Evidence 408 and 402 for precisely the same reasons that correspondence containing such amounts was excluded in this court's Order re: Motions in Limine. <u>See id.</u> Such amounts pertain to settlement negotiations between Cornell and Intel, and are not probative of a reasonable royalty. Changing the form of the evidence from a written document to a witness's testimony does not change its content or character and somehow render it admissible.

Likewise, the second designation, in which Mr. Haeussler testifies to the highest dollar amount Cornell has ever licensed a single patent for, is excluded pursuant to Federal Rules of Evidence 403 and 402. By identifying for the jury the greatest sum Cornell has licensed a single patent for, Mr. Haeussler's testimony would do little but suggest to the jury the amount (or at the very least the maximum amount) for which Cornell licensed the '115 patent to Intel. Even such inspired attempts at end runs around this court's orders are impermissible. The probative value of this testimony setting a ceiling for the amount of the Intel license is far outweighed by the undue prejudice it would inflict on Cornell.

The third designation, pertaining to how Dr. Torng and Cornell allocated the proceeds from the Intel license, stands in contrast to the first two because it does not reveal any dollar amounts or address settlement negotiations. Rather, this designation simply explains that Dr. Torng negotiated non-standard terms with Cornell regarding the division of revenues from the

Intel license. <u>May 17, 2006 Haeussler Dep. Tr.</u> at 134:12-20, 164:11-15. The fact that Cornell only recovered its expenses related to the Intel license while Dr. Torng collected the remainder of the license amount is, at the very least, relevant to Hewlett-Packard's damages case. Moreover, qualitative information about the division of the Intel license proceeds between Cornell and its then employee does not fall within the purview of Federal Rule of Evidence 408, and is not unfairly prejudicial to Cornell. This testimony does not provide any hints as to the amount of the Intel license or suggest anything that might unduly prejudice Cornell. Accordingly, Hewlett-Packard will be permitted to play this deposition excerpt for the jury.

IT IS SO ORDERED.

May 21, 2008
Syracuse, NY

Randall R. Rader
Circuit Judge

3