UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**CORNELL UNIVERSITY, a nonprofit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a nonprofit New York corporation,**

                          **Plaintiffs,**

     -v-                                      01-CV-1974

**HEWLETT-PACKARD COMPANY, a Delaware corporation,**

                          **Defendant.**

---

**HEWLETT-PACKARD COMPANY, a Delaware corporation,**

                          **Counterclaimant,**

     -v-

**CORNELL UNIVERSITY, a nonprofit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a nonprofit New York corporation,**

                          **Counterdefendants.**

---

APPEARANCES:

Sidley Austin Brown & Wood
Bryan K. Anderson, Esq., of Counsel
David T. Miyamoto, Esq., of Counsel
Denise L. McKenzie, Esq., of Counsel
Edward G. Poplawski, Esq., of Counsel
Olivia M. Kim, Esq., of Counsel
Sandra S. Fujiyama, Esq., of Counsel
555 W. Fifth Street, 40th Floor
Los Angeles, California 90013

and
Cornell University, Office of Counsel
James J. Mingle, Esq., of Counsel
Nelson E. Roth, Esq., of Counsel
Valerie L. Cross, Esq., of Counsel
300 CCC Building, Garden Avenue
Ithaca, New York 14853
Attorneys for Plaintiffs/Counterdefendants

DLA Piper, Rudnick, Gray Cary US LLP
Erin P. Penning, Esq., of Counsel
John Allcock, Esq., of Counsel
Sean C. Cunningham, Esq., of Counsel
Arthur A. Wellman, Esq., of Counsel
Licia E. Vaughn, Esq., of Counsel
Stewart M. Brown, Esq., of Counsel
401 B Street, Suite 1700
San Diego, California 92101-4297
and
Harter, Secrest & Emery LP
Jerauld E. Brydges, Esq.
1600 Bausch and Lomb Plaza
Rochester, New York 14604-2711
and
Fish, Richardson Law Firm
Barry K. Shelton, Esq., of Counsel
111 Congress Avenue
Suite 810
Austin, Texas 78701
Attorneys for Defendant/Counterclaimant

**Hon. Randall R. Rader, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation:**

### ORDER

Presently before the court are Plaintiffs Cornell University and Cornell Research Foundation, Inc.'s ("Cornell's") and Defendant Hewlett-Packard Company's ("Hewlett-Packard's") bench briefs disputing the legal requirements for application of the entire market value rule to this case. This court rejects Hewlett-Packard's contention that, in the reasonable royalty context, application of the entire market value rule requires proof that the patentee sold or licensed the unpatented components it seeks to include in the royalty base. This court will not,

however, preclude Hewlett-Packard from offering evidence that Cornell did not sell or license the unpatented server and workstation components it seeks to include in the royalty base.

Under 35 U.S.C. § 284, a successful patent infringement plaintiff is entitled to damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interests and costs as fixed by the court." 35 U.S.C. § 284 (2006). It is axiomatic that this statute "does not require a patentee to make the patented invention to qualify for damages." King Instrums. Corp. v. Perego, 65 F.3d 941, 947 (Fed. Cir. 1995). Indeed, the reasonable royalty remedy is specifically formulated to permit a damages calculation in those cases where plaintiffs cannot otherwise demonstrate a loss. See id. at 950-51 ("As long as the patentee receives a proper economic return on its investment in the acquisition of a patent, the Act does not require that return to come from the sale of patented products. The Act supplies a carrot in the form of economic rewards resulting from the right to exclude. The Act further guarantees adequate damages in the form of provable lost profits to underscore the value of the invention and the incentive to innovate. The Act does not dictate that a patentee must manufacture its own invention to recover the costs of innovation.").

Nevertheless, Hewlett-Packard now seeks to impose severe constraints on patentees who, because they have not made, sold, or licensed their inventions, request reasonable royalties on the entire market value of infringing products that incorporate the patented invention. Such a result would not only be nonsensical, but it would also ignore longstanding jurisprudence in this area.

The primary case Hewlett-Packard relies on in support of its position, Paper Converting Machine Co. v. Magna-Graphics Corp., 745 F.2d 11, 23 (Fed. Cir. 1984), does not even relate to reasonable royalty calculation. In fact, the Federal Circuit has specifically identified Paper Converting Machine as pertaining to lost profits damages, not a reasonable royalty analysis. See Rite-Hite Corp. v. Kelley Co., 56 F.3d 1538, 1549 (1995) ("When a patentee seeks damages on unpatented components sold with a patented apparatus, courts have applied a formulation known

2

as the 'entire market value rule' to determine whether such components should be included in the damage computation, whether for reasonable royalty purposes, see Leesona Corp. v. United States, 599 F.2d 958, 974, 220 Ct.Cl. 234, 202 USPQ 424, 439, cert. denied, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420 (1979), or for lost profits purposes, see Paper Converting Machine Co. v. Magna-Graphics Corp., 745 F.2d 11, 23, 223 USPQ 591, 599 (Fed.Cir.1984)".).

Rather, Leesona, the case the Federal Circuit' identifies as applying the entire market value rule in a reasonable royalty context, explains that "'(n)ormally the patentee (or its licensee) can anticipate sale of such unpatented components as well as of the patented scopes.'" 599 F.2d at 974 (quoting Tektronix, Inc. v. U. S., 552 F.2d 343, 352 (Ct.Cl. 1977)). More recently, the Federal Circuit itself has pronounced, "Where a hypothetical licensee would have anticipated an increase in sales of collateral unpatented items because of the patented device, the patentee should be compensated accordingly." TWM Mfg. Co., Inc. v. Dura Corp., 789 F.2d 895, 901 (Fed. Cir. 1986). As these cases reveal, there is no requirement that a patentee must have made, sold, or licensed the patented invention to be entitled to claim the entire market value of the accused products as the royalty base. Instead, the critical requirement is a connection between the patented invention and the unpatented components that the patentee seeks to include in the royalty base. Accordingly, Hewlett-Packard will not be permitted to argue to the jury that Cornell must prove that it manufactured, sold, or licensed servers, workstations, or their components to avail itself of the entire market value rule.

This is not to say, however, that Hewlett-Packard is precluded from presenting evidence to the jury that Cornell has not manufactured or sold servers, workstations, or their constituent parts, even though it now seeks royalties on them. Likewise, this ruling does exclude evidence that Cornell has never licensed the claimed invention on terms that would entitle it to royalties for servers, workstations, or constituent parts incorporating the claimed invention. Such evidence is plainly relevant to the hypothetical negotiation and properly before the court.

3

IT IS SO ORDERED.

May 27, 2008
Syracuse, NY

_____
Randall R. Rader
Circuit Judge

4