UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CORNELL UNIVERSITY, a nonprofit New
York corporation, and CORNELL RESEARCH
FOUNDATION, INC., a nonprofit New York
corporation,

                                    **Plaintiffs,**

                **-v-**                                                    **01-CV-1974**

HEWLETT-PACKARD COMPANY, a
Delaware corporation,

                                    **Defendant.**

---

HEWLETT-PACKARD COMPANY, a
Delaware corporation,

                                    **Counterclaimant,**

                **-v-**

CORNELL UNIVERSITY, a nonprofit New
York corporation, and CORNELL RESEARCH
FOUNDATION, INC., a nonprofit New York
corporation,

                                    **Counterdefendants.**

---

APPEARANCES:

Sidley Austin Brown & Wood
Bryan K. Anderson, Esq., of Counsel
David T. Miyamoto, Esq., of Counsel
Denise L. McKenzie, Esq., of Counsel
Edward G. Poplawski, Esq., of Counsel
Olivia M. Kim, Esq., of Counsel
Sandra S. Fujiyama, Esq., of Counsel
555 W. Fifth Street, 40th Floor
Los Angeles, California 90013

and
Cornell University, Office of Counsel
James J. Mingle, Esq., of Counsel
Nelson E. Roth, Esq., of Counsel
Valerie L. Cross, Esq., of Counsel
300 CCC Building, Garden Avenue
Ithaca, New York 14853
Attorneys for Plaintiffs/Counterdefendants

DLA Piper, Rudnick, Gray Cary US LLP
Erin P. Penning, Esq., of Counsel
John Allcock, Esq., of Counsel
Sean C. Cunningham, Esq., of Counsel
Arthur A. Wellman, Esq., of Counsel
Licia E. Vaughn, Esq., of Counsel
Stewart M. Brown, Esq., of Counsel
401 B Street, Suite 1700
San Diego, California 92101-4297
and
Harter, Secrest & Emery LP
Jerauld E. Brydges, Esq.
1600 Bausch and Lomb Plaza
Rochester, New York 14604-2711
and
Fish, Richardson Law Firm
Barry K. Shelton, Esq., of Counsel
111 Congress Avenue
Suite 810
Austin, Texas 78701
Attorneys for Defendant/Counterclaimant

**Hon. Randall R. Rader, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation:**

### ORDER

Presently before the court are Plaintiffs Cornell University and Cornell Research Foundation, Inc.'s ("Cornell's") and Defendant Hewlett-Packard Company's ("Hewlett-Packard's") bench briefs regarding the court's claim construction and jury instructions relating to those constructions. Hewlett-Packard renews its objections to the court's construction for "means for detecting" in claims 1 or 14 and "dispatch stack" in claims 6 and 15. Hewlett-Packard also urges the court to instruct the jury as to specific definitions of $\alpha$, $\alpha(S1)$, and $\alpha(S2)$.

1

The court declines Hewlett-Packard's request to reconstrue "means for detecting" and "dispatch stack," but agrees with Hewlett-Packard with respect to the need to instruct the jury as to the definitions of $\alpha$, $\alpha(S1)$, and $\alpha(S2)$ as set forth in this court's claim construction order.

Hewlett-Packard's objections to this court's earlier claim construction order, 313 F. Supp. 2d 114 (N.D.N.Y. 2004), fall short. Procedurally, reconstruing the claims half-way through trial, after the close of Cornell's case, would be manifestly unfair to Cornell. It could also confuse the jury. Substantively, Hewlett-Packard's arguments wholly rehash those already rejected by the court. "Means for detecting," a means-plus-function limitation, is statutorily limited to the structure described in the specification for accomplishing that function and its equivalents. See 35 U.S.C. § 112, ¶ 6. As this court's Markman order explained, "means for detecting," as used in claims 1 and 14, does not require structure beyond the dispatch stack. 313 F. Supp. 2d at 141-42. In turn, the "dispatch stack" of claims 1 and 14 does not require $\beta(D)$ and $I^2$ fields. Id. at 133, 139. (Likewise, the court has already rejected Hewlett-Packard's theory that "dispatch stack" as used in claims 7 and 16 requires $\beta(D)$ and $I^2$ fields. Id. at 135, 139.) The "means for detecting" does not require the precedence count memory (PCM) because, as the court has already explained, "the PCM is a structure which facilitates the function of detecting but is not necessary to the detecting function." Id. at 140. Further, and again as noted in the Markman order, the PCM appears as an explicit limitation in dependent claims 3 and 4. Claim differentiation further suggests the PCM is not also a limitation of independent claim 1, from which claims 3 and 4 depend, nor of independent claim 14, which is "in most respects [] identical" to claim 1. Id. at 139. For these reasons, Hewlett-Packard's objection to this court's claim construction and its presumptive motion that the court reconsider its claim construction, is denied.

In contrast, Hewlett-Packard's request that the jury be instructed as to the meanings of $\alpha$, $\alpha(S1)$, and $\alpha(S2)$, already adopted by this court in its Markman order and agreed to by the parties, is well-taken. Those stipulated constructions are:

2

> $\alpha$: the number of times that a register is used as a destination register in preceding, uncompleted instructions
>
> $\alpha(S1)$: the number of times that an instruction's S1 register is used as a destination register in preceding, uncompleted instructions
>
> $\alpha(S2)$: the number of times that an instruction's S2 register is used as a destination register in preceding, uncompleted instructions.

Id. at 129-30.

As Cornell points out, the parties agreed to the constructions of $\alpha$ as to claims 3 and 11-13 and of $\alpha(S1)$, and $\alpha(S2)$ as to claims 5 and 13, and none of these claims remains in suit. But there is no discernible reason why these constructions do not apply equally well to the tried claims. Because the court's construction of "dispatch stack" for the claims currently before the jury refers to $\alpha$, $\alpha(S1)$, and $\alpha(S2)$ repeatedly, it would be helpful for the jury to have a definition of these otherwise abstract symbols. Moreover, the parties' agreed-upon constructions of these terms, adopted by the court, are consistent with the usage of these terms during trial by both parties. Accordingly, Hewlett-Packard's request that the jury be instructed as to the meanings of $\alpha$, $\alpha(S1)$, and $\alpha(S2)$, as reproduced above, is granted.

IT IS SO ORDERED.

May 27, 2008
Syracuse, NY

/s/ Randall R. Rader
Randall R. Rader
Circuit Judge

3