UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**CORNELL UNIVERSITY, a nonprofit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a nonprofit New York corporation,**

                        **Plaintiffs,**

          -v-                                           **01-CV-1974**

**HEWLETT-PACKARD COMPANY, a Delaware corporation,**

                        **Defendant.**

---

**HEWLETT-PACKARD COMPANY, a Delaware corporation,**

                        **Counterclaimant,**

          -v-

**CORNELL UNIVERSITY, a nonprofit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a nonprofit New York corporation,**

                        **Counterdefendants.**

---

APPEARANCES:

Sidley Austin Brown & Wood
Bryan K. Anderson, Esq., of Counsel
David T. Miyamoto, Esq., of Counsel
Denise L. McKenzie, Esq., of Counsel
Edward G. Poplawski, Esq., of Counsel
Olivia M. Kim, Esq., of Counsel
Sandra S. Fujiyama, Esq., of Counsel
555 W. Fifth Street, 40th Floor
Los Angeles, California 90013
and
Cornell University, Office of Counsel
James J. Mingle, Esq., of Counsel

Nelson E. Roth, Esq., of Counsel
Valerie L. Cross, Esq., of Counsel
300 CCC Building, Garden Avenue
Ithaca, New York 14853
Attorneys for Plaintiffs/Counterdefendants

DLA Piper, Rudnick, Gray Cary US LLP
Erin P. Penning, Esq., of Counsel
John Allcock, Esq., of Counsel
Sean C. Cunningham, Esq., of Counsel
Arthur A. Wellman, Esq., of Counsel
Licia E. Vaughn, Esq., of Counsel
Stewart M. Brown, Esq., of Counsel
401 B Street, Suite 1700
San Diego, California 92101-4297
and
Harter, Secrest & Emery LP
Jerauld E. Brydges, Esq.
1600 Bausch and Lomb Plaza
Rochester, New York 14604-2711
and
Fish, Richardson Law Firm
Barry K. Shelton, Esq., of Counsel
111 Congress Avenue
Suite 810
Austin, Texas 78701
Attorneys for Defendant/Counterclaimant

**Hon. Randall R. Rader, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation:**

## ORDER

Presently before this court is a motion for reconsideration with respect to the court's ruling that a jury's verdict on patent exhaustion was advisory only. After oral argument on July 28, 2008, this court ruled as follows:

The court grants Cornell's motion for reconsideration regarding the right to a jury verdict on the question of patent exhaustion. Because patent exhaustion is a legal doctrine—rather than an equitable one—it was properly before the jury. Thus, the jury verdict rendered at the close of trial will stand and not be treated as advisory.

I.

Patent exhaustion requires a showing of an (1) authorized sale or other disposition (2) of a patented article (3) within the United States. See Quanta Computer, Inc. v. LG Elecs., Inc., 128 S. Ct. 2109, 2122 (2008). This standard is not rigid. An authorized sale includes a sale made by a licensee acting with the scope of a license. Id. at 2121-22. The patented article need only "substantially embod[y]" the invention. Id. at 2120. The

requirement that the sale be in the United States can be satisfied when the contracting and performance occur in the United States, even where some parts of the transaction occur abroad.  See Litecubes, LLC v. Northern Light Prods., Inc., 523 F.3d 1353, 1369-71 (Fed. Cir. 2008).

II.

When determining whether a doctrine is legal or equitable, the focus is not solely on the nature of the remedy.  The inquiry must also consider the origin of the doctrine.  Although case law is scarce with respect to the nature of the patent exhaustion doctrine, the Supreme Court has recognized that patent exhaustion has its roots in the patent law statutory framework.  Bloomer v. McQuewan, 55 U.S. 539, 549 (1852) ("When he sells the exclusive privilege of making or vending it for use in a particular place, the purchaser buys a portion of the franchise which the patent confers.").  In other words, when the patentee has given up his right to exclude, there is no longer a statutory basis for the patentee to impose restrictions on the subsequent sale or use of the article.  Given this statutory framework, it follows that patent exhaustion is a legal doctrine, rather than an equitable one.

An analogy can be drawn between patent exhaustion and the first-sale doctrine in copyright law.  Both doctrines recognize that an initial authorized sale terminates certain intellectual property rights.  The first-sale doctrine in copyright law is a legal doctrine, statutory authorized under 17 U.S.C. § 109.  While the patent law counterpart, patent exhaustion, is not explicitly defined in Title 35, its roots are within the patent law statutory framework.  See, e.g., Bloomer, 55 U.S. at 549.

This court is less persuaded by the comparison between patent exhaustion and the implied license defense.  It is well-settled that the defense of implied license is equitable in nature and reserved for the trial judge.  Met-Coil Sys. Corp. v. Korners Unlimited, Inc., 803 F.2d 684 (Fed. Cir.1984); Wang Labs, Inc. v. Mitsubishi Elecs., 103 F.3d 1571, 1578 (Fed. Cir. 1997).  The implied license defense has two elements: (1) the article must have no reasonable non-infringing use; and (2) the circumstances of the sale must plainly indicate that the grant of a license should be inferred."  Met-Coil, 803 F.3d at 686.  The thrust of the defense is that the circumstances justify the inference of a license, akin to other equitable doctrines.  In contrast, distilled to its essence, the patent exhaustion inquiry focuses on a single question: whether or not there was an authorized sale that triggered the exhaustion of the patentee's right.  This presents a factual question, appropriately addressed by a jury.

III.

In granting this motion, the court has considered the potential prejudice to the parties and concludes that there is no danger of prejudice to HP.  With the benefit of hindsight, HP now argues that patent exhaustion is an equitable doctrine and to treat the jury's verdict as anything more than advisory is prejudicial.  However, this argument is not persuasive, particularly in view of HP's earlier representation to the court that

> HP's patent exhaustion defense—**indisputably a jury issue**—involves proof of several questions of fact as to how HP's accused processors were made and sold, and by whom.

Motion at 3 (emphasis added) (quoting opposition to Cornell's motion in limine).  Both parties presented evidence to the jury and participated in drafting jury instructions with respect to the issue of patent exhaustion.  Therefore this court does not find any prejudice in upholding the jury's verdict with respect to a legal doctrine properly before them at trial.

Accordingly, this court GRANTS the motion for reconsideration.

IT IS SO ORDERED.

August 1, 2008                                           /s/ Randall R. Rader
Washington, District of Columbia                Randall R. Rader
                                                                      Circuit Judge