Edward G. Poplawski
Bryan K. Anderson
Denise L. McKenzie
Sandra S. Fujiyama
Olivia M. Kim
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6601
Facsimile:  (213) 896-6600

Attorneys for Plaintiffs/Counterdefendants
  Cornell University and Cornell Research
  Foundation, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORNELL UNIVERSITY, a non-profit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a non-profit New York corporation,<br><br>   *Plaintiffs,*<br><br> v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>   *Defendant.* | Civil Action No.:  01-CV-1974-RRR-DEP<br><br>**CORNELL'S MEMORANDUM OF LAW IN SUPPORT OF BILL OF COSTS** |
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>   *Counterclaimant,*<br><br> v.<br><br>CORNELL UNIVERSITY, a non-profit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a non-profit New York corporation,<br><br>   *Counterdefendants.* | Judge: Hon. Randall R. Rader |

**TABLE OF CONTENTS**

**PAGE(S)**

I. INTRODUCTION. ...................................................................................................................1

II. CORNELL IS ENTITLED TO COSTS ..................................................................................1

III. SUMMARY OF COSTS TAXABLE TO HP .........................................................................2

    A. Filing and Service of Process Fees ...............................................................................2

    B. Deposition Transcripts and Related Expenses .............................................................3

    C. Pre-Trial and Trial Transcript Costs .............................................................................4

        1. Transcripts of Summary Judgment Hearing and Other Pretrial Hearings ...............................................................................................5

        2. Transcript of Markman Hearing ...................................................................5

        3. Trial Transcripts ............................................................................................5

    D. Witness Costs ................................................................................................................6

    E. Exemplification and Copying Costs .............................................................................7

        1. Exemplification Costs ...................................................................................7

        2. Copying Costs ...............................................................................................8

IV. CONCLUSION .........................................................................................................................9

# Table Of Authorities

**CASES**                                                                                                       **PAGE(S)**

*Avnet, Inc. v. Am. Motorists Ins., Co.*,
    No. 87 Civ. 0758 (JAR), 1990 WL 201651 (S.D.N.Y. Dec. 5, 1990) ......................................2

*BDT Prods., Inc. v. Lexmark Int'l, Inc.,*
    405 F.3d 415 (6th Cir. 2005) ...........................................................................................7

*Cleveland v. N. Am. Van Lines*, *Inc.*
    No. 89-CV-531 (FJS) (GJD), 1994 U.S. Dist. LEXIS 8872 (N.D.N.Y. Mar. 28, 1994) ...........3

*Crawford Fitting Co. v. J.T. Gibbons, Inc.*,
    482 U.S. 437 (1987) ........................................................................................................2

*Dibella v. Hopkins*,
    407 F. Supp. 2d 537 (S.D.N.Y. 2005) ...........................................................................6, 7

*Forest Labs., Inc. v. Abbott Labs.*,
    No. 96-CV-159S, 2006 U.S. Dist. LEXIS 33743 (W.D.N.Y. May 16, 2006) ..........................5

*Galella v. Onassis*,
    487 F.2d 986 (2d Cir. 1973) ........................................................................................4, 5

*In re Air Crash Disaster At John F. Kennedy Int'l Airport*,
    687 F.2d 626 (2d Cir. 1982) ........................................................................................4, 6

*Jarvis v. Ford Motor Co.*
    92 Civ. 2900 (NRB), 2003 U.S. Dist. LEXIS 4406 (S.D.N.Y. Mar. 20, 2003) ........................3

*Kinzenbaw v. Case LLC*,
    No. 05-1483, 2006 U.S. App. LEXIS 10711 (Fed. Cir. Apr. 26, 2006) ...................................2

*Marino v. Town of Kirkland*,
    No. 90-CV-300, 1993 U.S. Dist. LEXIS 1247 (N.D.N.Y. Jan. 30, 1993) ................................3

*McGuigan v. Cae Link Corp.*,
    No. 91-CV-250, 1994 U.S. Dist. LEXIS 12931 (N.D.N.Y. Apr. 22, 1994) ................... passim

*River Oaks Marine, Inc. v. Town of Grand Island*,
    No. 89-CV-1016S, 1993 U.S. Dist. LEXIS 365 (W.D.N.Y. Jan. 13, 1993) .............................6

*Romaine v. Rawson*,
    No. 9:99-CV-603 (LEK/DRH), 2004 U.S. Dist. LEXIS 7998 (N.D.N.Y. May 6, 2004) ..........5

*Sacco v. Daimler Chrysler Corp.*,
    No. 05-CV-1435, 2008 U.S. Dist. LEXIS 56753 (N.D.N.Y. July 22, 2008) ............................2

*Summit Tech., Inc. v. Nidek Co., Ltd.*,
    435 F.3d 1371 (Fed. Cir. 2006) ................................................................................................ 7

*United States Media Corp. v. Edde Entm't, Inc.*,
    No. 94 Civ. 4849 (MHD), 1999 U.S. Dist. LEXIS 10605 (S.D.N.Y. July 13, 1999) ................ 6

*United States v. Merritt Meridian Constr. Corp.*,
    95 F.3d 153 (2d Cir. 1996) ................................................................................................ 2, 7

*Whitfield v. Scully*,
    241 F.3d 264 (2d Cir. 2001) ............................................................................................... 1, 3


**STATUTES**

28 U.S.C. § 1821(d) ........................................................................................................................ 6

28 U.S.C. § 1920 .................................................................................................................. 1, 2, 8

28 U.S.C. § 1920(1) ........................................................................................................................ 2

28 U.S.C. § 1920(2) ..................................................................................................................... 3, 4

28 U.S.C. § 1920(4) ..................................................................................................................... 6, 7

28 U.S.C. §§ 1920(3) and 1821 ..................................................................................................... 6

35 U.S.C. § 284 ............................................................................................................................... 1


**OTHER AUTHORITIES**

Fed. R. Civ. P. 54(d) ................................................................................................................... 1, 2

Local Rule 54.1(a) .......................................................................................................................... 1

Plaintiffs Cornell and Cornell Research Foundation (collectively "Cornell") hereby submit Cornell's Memorandum of Law in Support of Cornell's Bill of Costs.

## I.   INTRODUCTION.

After seven years and two separate trials, Cornell has substantially prevailed on all claims at issue against Defendant Hewlett-Packard ("HP"). The jury found that HP infringed numerous claims of U.S. Patent No. 4,807,115 (" the '115 patent"), had not proven the '115 patent to be invalid or exhausted, and awarded damages. On March 31, 2009, the Court entered Judgment in favor of Cornell against HP, awarding Cornell damages for HP's patent infringement. As the prevailing party, Cornell respectfully requests grant of its full Bill of Costs pursuant to 28 U.S.C.§ 1920, 35 U.S.C. § 284, Federal Rule of Civil Procedure 54(d) and Local Rule 54.1(a).

## II.   CORNELL IS ENTITLED TO COSTS

Federal Rule of Civil Procedure 54(d) governs awards of taxable costs to a prevailing party and provides, in relevant part, that "costs other than attorneys' fees shall be allowed *as of course* to the prevailing party[.]" Fed. R. Civ. P. 54(d)(1) (emphasis added). Moreover, since Rule 54(d)(1) provides the award of costs "as of course," the award against the losing party "is the normal rule...not an exception." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001); *see also McGuigan v. Cae Link Corp.*, No. 91-CV-250, 1994 U.S. Dist. LEXIS 12931, at *4 (N.D.N.Y. Apr. 22, 1994) ("There is a presumption that the prevailing party will be awarded costs and that presumption cannot be overcome unless the unsuccessful party shows good cause for doing so.") (citation omitted). The patent laws further supplement this provision by entitling a successful patent infringement claimant to recover "costs as fixed by the court." 35 U.S.C. § 284.

Cornell filed this patent infringement action against HP regarding the '115 Patent on December 27, 2001. A jury trial was held May 19-30, 2008. On May 30, 2008, the jury rendered a verdict in favor of Cornell, finding that HP infringed the '115 Patent, had not proven that the patent was invalid or exhausted and awarded damages accordingly. A bench trial was

1

held July 28-29, 2008 and the hearing regarding the motions for Judgment as a Matter of Law ("JMOL") was held on July 30, 2008. On March 30, 2009, the Court issued orders in favor of Cornell, rejecting HP's defenses of inequitable conduct and laches. (Dkts. 1091 & 1094.) In separate orders, the Court rejected HP's JMOL Motion regarding patent infringement and validity, (Dkt. 1093), but found in favor of HP regarding the choice of royalty base (Dkt. 1092.) The Court then entered Judgment in favor of Cornell against HP and awarded Cornell damages for HP's patent infringement. (Dkt. 1095.) Therefore, it is clear that Cornell is the prevailing party in this action. *See Avnet, Inc. v. Am. Motorists Ins. Co.*, No. 87 Civ. 0758, 1990 WL 201651, at *1 (S.D.N.Y. Dec. 5, 1990).

### III. SUMMARY OF COSTS TAXABLE TO HP

In taxing costs under Fed. R. Civ. P. 54(d)(1), the court may tax those costs authorized by 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442 (1987). Relevant taxable costs include: "(1) fees of the clerk and marshal; (2) [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) [f]ees and disbursements for printing and witnesses; and (4) [f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[.]" 28 U.S.C. § 1920. The Federal Circuit has stated that "interpretation of section 1920 is governed by the law of the regional circuit[.]" *See Kinzenbaw v. Case LLC*, No. 05-1483, 2006 U.S. App. LEXIS 10711, at *4 (Fed. Cir. Apr. 26, 2006) (unpublished). Documentation providing additional support for Cornell's Bill of Costs is set forth in Exhibits 1-17 attached to the Declaration of Sandra S. Fujiyama In Support of Cornell's Bill of Costs ("Fujiyama Declaration").

#### A. Filing and Service of Process Fees

Filing fees constitute taxable costs under Section 1920(1). 28 U.S.C. § 1920(1). Further, while not specifically enumerated, service provided by private process servers can constitute a taxable cost under this provision. *United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153,

172 (2d Cir. 1996) (agreeing that private process server fees could be "taxable only to the extent that [the costs of service] do not exceed the costs that would have been incurred had the Marshal's office effected service") (citation omitted); *McGuigan*, 1994 U.S. Dist. LEXIS 12931, at *5 ("The costs of private process servers are generally recoverable under 28 U.S.C. § 1920(1).") (citation omitted); *Sacco v. Daimler Chrysler Corp.*, No. 05-CV-1435, 2008 U.S. Dist. LEXIS 56753, at *2 (N.D.N.Y. July 22, 2008). The Court should thus tax $1,117.50 to HP for the filing fees that Cornell incurred in addition to the expenses associated with serving process. Exhibit 1 provides invoices detailing the filing and server costs that Cornell has incurred.[1]

### B.   Deposition Transcripts and Related Expenses

Section 1920(2) permits the recovery of costs for "printed or electronically recorded transcripts necessarily obtained for use in the case."[2] 28 U.S.C. § 1920(2). Under this provision, recovery of costs associated with deposition transcripts are recoverable if secured for "use in the case"—even if the deposition is not read at trial. *See Whitfield*, 241 F.3d at 271; *see also Marino v. Town of Kirkland*, No. 90-CV-300, 1993 U.S. Dist. LEXIS 1247, at *4-5 (N.D.N.Y. Jan. 30, 1993) ("Under [28 U.S.C. § 1920(2)], a district court may tax as costs depositions which were not read at trial as long as they were reasonably necessary in the case in general."); *Cleveland v. N. Am. Van Lines*, No. 89-CV-531 (FJS) (GJD), 1994 U.S. Dist. LEXIS 8872, *3 (N.D.N.Y. Mar. 28, 1994) ("deposition expenses may be recovered if reasonably necessary at the time taken."). Moreover, court action precluding use of a particular witness does not render the deposition of the individual "unnecessary." *See, e.g.*, *McGuigan*, 1994 U.S. Dist. LEXIS, at *7 (stating that even though particular deposition evidence became unnecessary during the course of trial because of the jury verdict that "such [evidence] was still needed in order to prepare for the

---

[1] All exhibits are attached to the accompanying Fujiyama Declaration.

[2] 28 U.S.C. § 1920(2) was amended on October 13, 2008. Prior to this amendment, the statutory provision provided taxable costs of "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case[.]"

3

possibility of an outcome in favor of the [non-prevailing party]").  Additional costs associated with videotaping a deposition may also be recoverable.  *See Jarvis v. Ford Motor Co.*, 92 Civ. 2900 (NRB), 2003 U.S. Dist. LEXIS 4406, at *2 (S.D.N.Y. Mar. 20, 2003) (allowing recovery of costs associated with videotaping a deposition); *Marino*, 1993 U.S. Dist. LEXIS 1247, at *6 (same).

The Court should tax HP for the expenses incurred by Cornell to obtain videotaped depositions for use in the case.  Cornell necessarily incurred these expenses for witnesses whose testimony Cornell reasonably expected to use in trial preparation (*e.g.* in motions) and at trial (*e.g.*, for direct evidence, impeachment or cross-examination purposes).  The majority of the witnesses deposed either testified live at trial or excerpts of their videotaped deposition testimony were played at trial.  Accordingly, such depositions were necessarily obtained for use in the case.  As to the remaining depositions taken by Cornell, at the time that the depositions were taken, Cornell believed that such depositions were necessary to the case, either for use in the litigation to support and respond to motions, including discovery motions and summary judgment motions, or for use at trial. (Fujiyama Decl. ¶ 8.)  Cornell, in fact, relied on a number of these depositions to support and respond to motions and designated testimony from these depositions for use at trial. (*Id.*)  As to the remaining depositions taken by HP, Cornell necessarily obtained copies of these videotaped depositions in order to prepare for and respond to HP's potential use of these depositions as part of its motions or at trial. (*Id.* at ¶ 9.)  Cornell also relied on these depositions to support or respond to motions. (*Id.*)  The court should thus tax HP $192,226.02 for the costs associated with the videotaped depositions taken in the instant case.  Exhibit 2 provides a list of deponents, costs incurred for the videotaped depositions, and invoices supporting these costs.

### C.    Pre-Trial and Trial Transcript Costs

Pursuant to § 1920(2), a prevailing party may recover the costs associated with transcripts obtained in connection with trial or pretrial proceedings if they were necessarily secured for use

in the case.  *See In re Air Crash Disaster At John F. Kennedy Int'l Airport*, 687 F.2d 626, 631 (2d Cir. 1982) (stating that recovery of transcripts costs under § 1920 for, *inter alia*, pretrial proceedings or trials is whether they were "necessarily obtained for use in the case"). Additionally, recovery of costs associated with daily transcripts is allowed if use of the transcripts were "beyond the mere convenience of counsel."  *Id.* at 632; *Galella v. Onassis*, 487 F.2d 986, 999 (2d Cir. 1973).  Therefore, the Court should tax HP $37,395.44 for the fees that Cornell incurred to secure transcripts necessary for use in the instant case, including pretrial hearing transcripts, transcripts for the Markman hearing, and the trial transcripts.

### 1. Transcripts of Summary Judgment Hearing and Other Pretrial Hearings

Cornell obtained transcripts of the summary judgment proceedings in addition to other pretrial hearings, including an evidentiary hearing which took place on December 16, 2004, pursuant to an order of the Court (Dkt. 326), at a cost of $7,023.10.  These transcripts were necessary for Cornell's trial preparation.  Cornell relied on these transcripts in support of and to respond to various motions, including HP's motions for summary judgment and post-trial motions.  Exhibit 3 provides a summary and the invoices detailing the costs associated with these transcripts.

### 2. Transcript of Markman Hearing

Cornell necessarily secured the transcripts of the Markman hearing, which occurred from 04/29/03 to 05/01/03 at a cost of $1,798.50.  The Markman Hearing transcripts were essential to Cornell's pretrial briefing and was utilized extensively in summary judgment motions and expert reports.  Moreover, the transcripts were necessary for sufficient framing of the claim terms during the trial and preventing HP's attempts to distort the scope of the claim terms.  Exhibit 3 provides invoices detailing the expenses associated with the Markman Hearing transcripts.

### 3. Trial Transcripts

Cornell necessarily obtained transcripts of the jury trial, which occurred from May 19-30, 2008, the bench trial, which occurred from July 28-29, 2008, and the JMOL hearing, which

occurred on July 30, 2008, for a total cost of $28,573.84.  Daily transcripts of the proceedings during the jury trial were necessary due to the inherently complex and fluid nature of patent litigation and the subject matter of the instant case.  *See, e.g., Forest Labs., Inc. v. Abbott Labs.*, No. 96-CV-159S, 2006 U.S. Dist. LEXIS 33743, *3-4 (W.D.N.Y. May 16, 2006) (allowing for recovery of costs associated with daily transcripts in a patent infringement action); *Galella*, 487 F.2d at 999 (allowing for recovery of costs of daily transcripts).  Further, the trial transcripts from both the jury and bench trial proceedings were necessary for preparation of Rule 50(a) motion(s) and because of the need for a clear and complete record to effectively proceed in post-trial briefing and submissions.  *See Romaine v. Rawson*, No. 9:99-CV-603 (LEK/DRH), 2004 U.S. Dist. LEXIS 7998, *18 (N.D.N.Y. May 6, 2004) (allowing costs for trial transcripts because used in post-trial briefing).  Exhibits 4 and 5 provide a summary of the trial transcript expenses and their invoices.

### D.     Witness Costs

Witness fees are recoverable pursuant to 28 U.S.C. §§ 1920(3) and 1821.  Witnesses are entitled to a fee of forty dollars per day for daily attendance at a trial, deposition or other proceeding and for each day of travel to and from the event.  *See, e.g., United States Media Corp. v. Edde Entm't, Inc.*, No. 94 Civ. 4849 (MHD), 1999 U.S. Dist. LEXIS 10605, at *24 (S.D.N.Y. July 13, 1999).  In addition to these fees, witnesses are entitled to recovery of reasonable travel expenses and a subsistence allowance, which is limited by 28 U.S.C. § 1821(d), for each day that the witness cannot return from the place of trial or deposition.  *See id.* at *25.  Further, the general rule is that these witness fees and subsistence fees are not limited to the day that the witness actually testifies but rather encompasses the days in which the witness "reasonably and necessarily attends trial."  *McGuigan*, 1994 U.S. Dist. LEXIS 12931, at *11 (citation omitted).  Exhibit 6 details the costs incurred for witnesses who either testified at trial or were deposed.

6

### E.  Exemplification and Copying Costs

#### 1.  Exemplification Costs

Section 1920(4) provides for recoverable "exemplification" costs.  28 U.S.C. § 1920(4). The Second Circuit has adopted a broad view of this statutory section.  *See, e.g.*, *Air Crash*, 687 F.2d at 631 (construing § 1920(4) to include "the reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats and kindred materials") (citation omitted).  This provision has been construed to include costs associated with computer presentations as well. *See, e.g.*, *Dibella v. Hopkins*, 407 F. Supp. 2d 537, 539 (S.D.N.Y. 2005) (allowing for partial recovery of fees incurred in the "design and production of demonstrative presentations for trial, scanning of exhibits, computer operation, creation of exhibit database, digitizing audio and visual recordings, and set-up and breakdown of technology used at trial").  The costs may include any necessary research and analysis for the preparation and production of a particular exhibit.  *River Oaks Marine, Inc. v. Town of Grand Island*, No. 89-CV-1016S, 1993 U.S. Dist. LEXIS 365, at *4-5 (W.D.N.Y. Jan. 13, 1993).  Courts have also allowed for the costs of scanning and imaging of documents to count as "exemplification" costs.  *See, e.g.*, *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).

Cornell is entitled to recovery of costs for preparation and presentation of trial exhibits, demonstratives, and videotaped depositions by DecisionQuest, an outside graphics vendor, because they were "necessarily obtained for use" in both the jury and bench trial.  The computer and paper presentations of evidence streamlined the complex patent material and effectively conveyed HP's infringement and the validity of the '115 patent to both the jury and the bench. *See Dibella*, 407 F. Supp. 2d at 540 (use of computer technology and demonstrative graphics at trial "helped facilitate the presentation of evidence").  In addition, Cornell is entitled to the costs associated with preparing an electronic database of the exhibits on each party's exhibit list.  This trial exhibit database, prepared by PatentsPlus, streamlined the trial and effectively conveyed information to the jury and bench since it allowed Cornell to display trial exhibits on the monitors in the jury box and on the large screen in the courtroom.  Cornell is also entitled to

costs for preparation and presentation materials used at the Markman hearing because these materials streamlined and effectively conveyed information to the Court for purposes of construing the claims. Exhibits 8 through 10 detail Cornell's exemplification costs.

### 2. Copying Costs

Costs associated with photocopies are recoverable pursuant to § 1920(4) if "necessarily obtained for use in the case." *See United States v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996). These costs are recoverable even if the underlying document is not admitted at trial. *See id.* Adequate proof for these costs can simply be the "best breakdown obtainable from retained records." *McGuigan*, 1994 U.S. Dist. LEXIS 12931, at *12. Cornell has incurred approximately $164,007.22 in duplication costs.

In an ordinary patent infringement case, courts have allowed for recovery of 50% copying costs based on an estimated accounting in recognition of the difficulty of tracking every single copied page. *See, e.g., Summit Tech., Inc. v. Nidek Co., Ltd.*, 435 F.3d 1371, 1378 (Fed. Cir. 2006). Cornell's patent litigation, however, has not been ordinary. The extensive history of discovery motion practice demonstrate that Cornell had to incur significant copying costs to obtain basic information relevant to damages and infringement. The court recognized HP's tactical discovery abuse when the court stated, in regards to HP's dump of 9 million documents two months prior to the discovery cut-off, that such action could constitute the basis of an "exceptional" case finding for attorneys' fees. (Dkt. 743.) Further, in certain cases, HP demanded payment for copying costs prior to the production of documents. (Fujiyama Declaration ¶14, Ex. 12.) Exhibits 13 through 16 provide a conservative estimate of the pretrial copying costs that Cornell is entitled to and which were necessarily incurred. The estimates in Exhibits 13 through 15 are based on the number of pages of documents produced in the case and a per page copying cost that falls within the range of costs that HP charged to Cornell for copies. The estimate in Exhibit 16 is based on the number of pages of deposition exhibits for each deposition taken by Cornell multiplied by three (copy for the court reporter/witness, for opposing

8

counsel, and counsel taking the deposition) and then multiplied by the per page copying cost. This estimate of pages is conservative when viewed in the context of the entire litigation[3], wherein the copying costs were also multiplied due to the more than 40 motions that were filed by the parties and fully briefed with supporting exhibits.

Cornell also seeks the copying costs it incurring during the jury and bench trial. Exhibit 17 provides a summary of these costs and the supporting invoices. Cornell should be awarded the full amount of the copying costs it has requested.

## IV.    CONCLUSION

Cornell respectfully requests that the Court grant its taxable costs pursuant to 28 U.S.C. § 1920.

Respectfully Submitted,

DATED:  April 29, 2009        By:    *s/ Sandra S. Fujiyama*

Edward G. Poplawski
Bryan K. Anderson
Denise L. McKenzie
Sandra S. Fujiyama
Olivia M. Kim

**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6601
Facsimile:  (213) 896-6600

James J. Mingle
Nelson E. Roth
Valerie Cross Dorn
OFFICE OF UNIVERSITY COUNSEL
Cornell University
300 CCC Building, Garden Avenue
Ithaca, NY 14853-2601
Telephone:  (607) 255-5124

Attorneys for Plaintiffs Cornell University and
    Cornell Research Foundation, Inc.

---

[3] Pretrial outside vendor copying costs alone totaled more than $350,000. Cornell will submit copies of these invoices upon request of the Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on this day of April 29, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification to the following counsel for HP:

John Allcock    john.allcock@dlapiper.com, lwatts@graycary.com

Jerauld E. Brydges    jbrydges@hselaw.com, hculbertson@hselaw.com, jallison@hselaw.com, litigation@hselaw.com

Sean C. Cunningham    sean.cunningham@dlapiper.com, sally.jones@dlapiper.com

Brian M. Fogarty    brian.fogarty@dlapiper.com

Erin P. Penning    erin.penning@dlapiper.com, irene.folk@dlapiper.com

Barry K. Shelton    shelton@fr.com, pickett@fr.com, tipton@fr.com, zamen@fr.com

Licia E. Vaughn    licia.vaughn@dlapiper.com


Executed on April 29, 2009, at Los Angeles, California.

*s/ Sandra S. Fujiyama*
Sandra S. Fujiyama

LA1 1537302v.2