Edward G. Poplawski
Bryan K. Anderson
Denise L. McKenzie
Sandra S. Fujiyama
Olivia M. Kim
**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, CA  90013-1010
Telephone:  (213) 896-6601
Facsimile:  (213) 896-6600

Attorneys for Plaintiffs/Counterdefendants
  Cornell University and Cornell Research
  Foundation, Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORNELL UNIVERSITY, a non-profit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a non-profit New York corporation,<br><br>*Plaintiffs,*<br><br>v.<br><br>HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>*Defendant.* | Civil Action No.:  01-CV-1974-RRR-DEP<br><br>**CORNELL'S REPLY IN SUPPORT OF BILL OF COSTS** |
| HEWLETT-PACKARD COMPANY, a Delaware corporation,<br><br>*Counterclaimant,*<br>v.<br><br>CORNELL UNIVERSITY, a non-profit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a non-profit New York corporation,<br><br>*Counterdefendants.* | Judge:        Hon. Randall R. Rader |

LA1 1574645v.1

## **TABLE OF CONTENTS**

**P**AGE(S)

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT........................................................................................................................1

    A.    HP Should Be Taxed Fully For Cornell's Requested Pretrial Duplication Costs........................................................................................................................1

    B.    HP Should Be Taxed For Cornell's Requested Exemplification Costs...................3

    C.    Witness Fees For Dr. Marion Stewart Are Clearly Allowed By Statute. ................6

III. CONCLUSION....................................................................................................................7

# **TABLE OF AUTHORITIES**

**CASES**         **PAGES(S)**

*Aiello v. Town of Brookhaven*,
    No. 94-CV-2622 (FB)(WDW), 2005 WL 1397202 (E.D.N.Y. June 13, 2005) ........................4

*Dibella v. Hopkins*,
    407 F. Supp. 2d 537 (S.D.N.Y. 2005)................................................................................3, 5

*Gallagher v. IBEW Local Union No. 43*,
    No. 5:00 CV 1161, 2008 WL 5191691 (N.D.N.Y. Dec. 10, 2008) ..........................................3

*In re Air Crash Disaster At John F. Kennedy Int'l Airport*,
    687 F.2d 626 (2d Cir. 1982)................................................................................................3, 5

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*,
    No. 03 Civ. 1548 (GBD)(AJP), 2008 WL 4613752 (S.D.N.Y. Oct. 17, 2008).....................4, 5

*McGuigan v. Cae Link Corp.*,
    No. 91-CV-250, 1994 U.S. Dist. LEXIS 12931 (N.D.N.Y. Apr. 22, 1994)..........................2, 5

*Rahman v. Smith & Wollensky Rest. Group*,
    No. 06 Civ. 6198 (LAK)(JCF), 2009 WL 72441 (S.D.N.Y. Jan. 7, 2009)...............................6

*River Oaks Marine, Inc. v. Town of Grand Island*,
    No. 89-CV-1016S, 1993 U.S. Dist. LEXIS 365 (W.D.N.Y. Jan. 13, 1993)..............................5

*Summit Tech., Inc. v. Nidek Co.*,
    435 F.3d 1371 (Fed. Cir. 2006)..........................................................................................2, 5

*United States Media Corp. v. Edde Entm't, Inc.*,
    No. 94 Civ. 4849 (MHD), 1999 U.S. Dist. LEXIS 10605 (S.D.N.Y. July 13, 1999)................6

*United States v. Merritt Meridian Constr. Corp.*
    95 F.3d 153 (2d Cir. 1996)..................................................................................................1, 6

*V.G. v. Auburn Enlarged Central School District*,
    No. 5:06-CV-531, 2008 WL 5191703 (N.D.N.Y. Dec. 9, 2008) .............................................4

**STATUTES**

28 U.S.C. §1920................................................................................................................1, 5, 7

28 U.S.C. § 1920(3) ................................................................................................................6

28 U.S.C. § 1920(4) .....................................................................................................1, 3, 5, 6

I.      INTRODUCTION

HP concedes that Cornell is entitled to recoverable costs, and also concedes that $460,050.78 in costs should be awarded. The disputes presented in HP's opposition as to additional costs sought by Cornell are grounded in neither fact nor law. Cornell is entitled to its full discovery duplication costs. Further, Cornell should be awarded its full exemplification costs under the Second Circuit's interpretation of 28 U.S.C. §1920. Finally, Cornell is entitled to witness costs for Dr. Stewart, who was both deposed and testified at trial.

II.     ARGUMENT

A.      **HP Should Be Taxed Fully For Cornell's Requested Pretrial Duplication Costs.**

HP concedes as reasonable the $94,782.67 in duplication costs, including the average copy rate, related to trial and depositions taken by Cornell.[1] (*See* HP Opposition at 5-6.) However, HP's argument that costs associated with discovery duplication, which amounted to $69,224.55, should not be recoverable is without any basis. Section 1920 provides that costs associated with photocopies are recoverable for "***any*** materials where the copies [were] necessarily obtained ***for use*** in the case[.]"[2] 28 U.S.C. § 1920(4) (emphasis added). The statute does not preclude recovery of duplication costs associated with discovery duplication.[3] Because of the difficulty in tracking every single page copied in a case, in addition to consideration of the document's use, courts have allowed for recovery of 50% of copying costs, including discovery duplication costs, based on an estimated

---

[1] Cornell sought a total of $164,007.22 in duplication costs. HP does not dispute Cornell's copying costs incurred during trial (both jury and bench), which amounted to $83,816.62. HP also does not dispute Cornell's copying costs incurred as a result of the depositions taken in this case, which amounted to $10,966.05. HP disputes the remaining $69,224.55 that Cornell seeks.

[2] The documents produced by Cornell, HP and third parties were necessary for use in the case because the produced documents were in response to specific discovery requests that supported Cornell's infringement and damages claims and rebutted HP's defenses. Further, while the server and workstation damages information was not allowed because of a trial ruling, the financial information certainly was "necessarily incurred for use" in the case. As the Court recognized, such discovery was relevant whether or not the entire market value was applied (*see* Dkt. No. 198, 12/9/2003 Order at 22-25), and since HP had relied on such data in formulating its own discovery responses (Ex. 20, 9/23/03 Hrg. Tr. at 57:22-25).

[3] HP misconstrues Cornell's reliance on *United States v. Merritt Meridian Constr. Corp.* Cornell cited the case simply for the citation to 28 U.S.C. § 1920(4). (Cornell Memorandum at 8.) Further, in *Merritt*, the Second Circuit did not preclude the recovery of discovery duplication costs, but merely affirmed the denial of copying costs as within the discretion of the district court. 95 F.3d 153, 173 (2d Cir. 1996).

1

accounting.  *See, e.g., Summit Tech., Inc. v. Nidek Co.*, 435 F.3d 1371, 1378 (Fed. Cir. 2006). Similarly, in an attempt to eliminate costs associated with non-necessary copies, Cornell has requested only a small fraction of the pretrial duplication costs it actually incurred in this case. *Cf. McGuigan v. Cae Link Corp.*, No. 91-CV-250, 1994 U.S. Dist. LEXIS 12931, at *12 (N.D.N.Y. Apr. 22, 1994) (stating that adequate proof of copying costs must simply be the "'best breakdown obtainable from retained records'") (citation omitted).  The estimated amount that Cornell is seeking, $80,190.60,[4] is just a fraction of the total amount that Cornell incurred.

Cornell actually incurred more than $350,000 in pretrial duplication costs, which include the costs associated with duplication of at least the following: written discovery requests and responses, exhibits used at depositions, document production, and the extensive motion practice (more than 40 motions were filed by the parties), which included HP's five summary judgment motions, HP's motion to bifurcate its inequitable conduct claim, and discovery motions to secure basic discovery regarding Cornell's infringement and damages claims and to obtain evidence regarding HP's defenses from third parties.  (Cornell Ex.[5] 18, invoices for pretrial duplication.[6])  Each of these items was necessary to the case.  The $80,190.60 that Cornell has requested is less than 25% of the total pretrial copying costs incurred.[7]  HP does not dispute that the duplication costs associated with deposition exhibits was necessary and thus has conceded that Cornell is entitled to $10,966.05 of the $80,190.60 that it has requested.

---

[4] $69,224.55 (based on pages of documents actually produced) + $10,966.05 (based on pages of deposition exhibits which HP does not dispute are recoverable) = $80,190.60 (the total amount that Cornell is seeking in pretrial duplication costs).

[5] Exhibits 18-20 are attached to the Supplemental Declaration of Sandra S. Fujiyama filed concurrently. Exhibits 1-17 were attached to the Declaration of Sandra S. Fujiyama filed with the Bill of Costs.  (Dkt. No. 1110-3.)

[6] The invoices reflect the more than $350,000 in pretrial duplication costs that Cornell paid to an outside vendor.  (*See* Fujiyama Supp. Decl. ¶ 2.)  This amount is conservative as it does not include the in-house duplication costs associated with these pretrial matters that Cornell also incurred.  (*Id.*)

[7] Cornell is not seeking *all* of its pretrial copying costs as HP's opposition implies.  However, if the Court agrees with HP that 50% of *all* pretrial copying costs is appropriate as it reflects the necessary pretrial copying costs incurred, then Cornell respectfully requests that it be awarded 50% of the more than $350,000 that it actually incurred in pretrial copying costs.

Accordingly, the remaining $69,224.55 conservatively accounts for the duplication costs incurred as a result of the other pretrial items (*i.e.*, written discovery requests and responses, motion practice, etc.) and should likewise be awarded to Cornell.  While Cornell based its estimate for that remaining cost on just one item, namely the pages of documents produced by Cornell, HP and third parties, it was meant to encompass the other outstanding pretrial duplication costs that Cornell necessarily incurred throughout the case.  Cornell's request is far from the situation described in *Gallagher v. IBEW Local Union No. 43*, where the prevailing party provided a mere cost listing with only general descriptions of charges – a few of which were listed several times.  No. 5:00 CV 1161, 2008 WL 5191691, at *2 (N.D.N.Y. Dec. 10, 2008).  Therefore, Cornell should be awarded the full amount of the duplication costs that it requested.

### B.     HP Should Be Taxed For Cornell's Requested Exemplification Costs.

HP concedes that Cornell is entitled to "exemplification" costs, which are recoverable under 28 U.S.C. § 1920(4).  (HP Opposition at 2.)  The Second Circuit has adopted a broad view of this Section, which has been construed to include computer presentations among other things.  *See In re Air Crash Disaster At John F. Kennedy Int'l Airport*, 687 F.2d 626, 631 (2d Cir. 1982) (construing § 1920(4) to include "the reasonable expense of preparing maps, charts, graphs, photographs, motion pictures, photostats and kindred materials"); *see also Dibella v. Hopkins*, 407 F. Supp. 2d 537, 539-40 (S.D.N.Y. 2005) (allowing for partial recovery of fees incurred in the "design and production of demonstrative presentations for trial, scanning of exhibits, computer operation, creation of exhibit database, digitizing of audio and visual recordings, and set-up and break-down of technology used at trial").  Cornell should be awarded its requested exemplification costs for several reasons.

First, HP provides no authority for denying costs because of post-trial action.  Here, HP clearly concedes that the costs of the demonstratives that it desires stricken were used by Cornell at trial.  (HP Opposition at 3.)  Dr. Stewart was Cornell's damages expert and thus his presentation was certainly "necessary" to support Cornell's claim for damages.  Further, the actual trial presentation was not extravagant, as evidenced by the presentation itself.  (*Compare* HP Ex. A (an

earlier version of Dr. Stewart's presentation materials) *with* Cornell Ex. 19, P-G6 (Dr. Stewart's presentation admitted into evidence).)  The subsequent JMOL of the royalty base did not change this fact and provides HP's only articulated basis to exclude costs associated with Dr. Stewart's testimony.  Dr. Stewart was qualified by the Court as an expert to testify about damages, and his presentation (Cornell Ex. 19) was admitted into evidence, and there is no basis to remove his efforts as compensable exemplification costs because of a post-trial decision.

Second, contrary to HP's assertions, in regards to DecisionQuest, Cornell only included costs associated with the creation and execution of trial exhibits and demonstratives, in addition to deposition video clip preparation, which can be readily ascertained from the submitted invoices.[8]  The computer presentation of evidence, *inter alia*, was "necessarily obtained for use" in the case at both the jury and bench trials.  The computer presentation was particularly helpful in the jury trial because the jury was able to follow the computer presentation on personalized computer screens, which assisted in effectively conveying evidence regarding HP's infringement and the validity of the '115 patent.  Further, HP's argument for a reduction in the rate of DecisionQuest's services to $80 is misplaced.  In *V.G. v. Auburn Enlarged Central School District*, No. 5:06-CV-531 (NAM/GHL), 2008 WL 5191703, at *15 (N.D.N.Y. Dec. 9, 2008), the court awarded the $80 per hour rate because it was not disputed that this rate was one that clients would have paid "for the services rendered by [the paralegals]" and that the rate was the "prevailing rate[] in the community ***for the kind and quality*** of services furnished."  *Id.* (emphasis added).  Here, DecisionQuest provided services far beyond the experience and technical expertise of paralegals by creating, *inter alia*, helpful animations, which assisted in the presentation of Dr. James Smith, Cornell's infringement expert, regarding the complicated patent technology at issue, and the presentation and execution of deposition video clips.[9]

---

[8] HP's reliance on *Aiello v. Town of Brookhaven* is misplaced.  In *Aiello*, the court stated that no information was provided regarding the nature or the necessity of the exhibits.  No. 94-CV-2622 (FB)(WDW), 2005 WL 1397202, at *8 (E.D.N.Y. June 13, 2005).  The invoices provided by Cornell, in a number of instances, provide the issue and/or the witness for the respective exhibits.  (*See* Cornell Ex. 8.)

[9] HP's cited authority, *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, does not require a different result.  The prevailing party in *J.S. Nicol* specifically stated that it had used the technology support in place of its paralegal.  No. 03 Civ. 1548 (GBD)(AJP), 2008 WL 4613752, at *15 (S.D.N.Y. Oct. 17, 2008).  In fact, the

4

Similarly, the computer presentation, presented in part by Dr. Smith at the *Markman* hearing, effectively streamlined and conveyed information to the Court for the purposes of construing the disputed claims in the case. HP's argument that these exemplification costs should be disallowed because of the lack of an hourly rate or a description of what graphics were created is belied by the documentation provided by Cornell. One invoice clearly states that the costs incurred were for the *Markman* hearing and presentation. (Cornell Ex. 10 at 3.) *Cf. McGuigan*, 1994 U.S. Dist. LEXIS 12931, at *12. Further, an additional invoice (and associated materials) unambiguously show that the incurred costs were for the consultation and preparation for the Markman hearing itself; the invoice also provided per unit rather than per hour charges. (Cornell Ex. 10 at 6.) *See River Oaks Marine, Inc. v. Town of Grand Island*, No. 89-CV-1016S, 1993 U.S. Dist. LEXIS 365, at *4-5 (W.D.N.Y. Jan. 13, 1993) (allowing recovery for research and analysis necessary for the preparation and production of a necessary exhibit). Moreover, the costs incurred were provided at a 25% discount. (Cornell Ex. 10.) Therefore, Cornell should be awarded its requested exemplification costs for the Markman hearing.[10]

Third, the Second Circuit stated that, under § 1920(4), the prevailing party is entitled to the "reasonable expense of preparing" a broad array of exemplification materials. *See Air Crash*, 687 F.2d at 631. PatentPlus' creation of the trial database was necessary for DecisionQuest's graphics preparation and exhibit presentation at trial. Courts have allowed for the recovery of costs associated with creating a trial exhibit database.[11] *See, e.g.*, *Dibella*, 407 F. Supp. 2d at 540

---

prevailing party did not even charge time for its paralegal during trial. *See id.*

[10] If the Court chooses to reduce the exemplification awarded costs for the *Markman* hearing, the Court should not utilize HP's 76% reduction request as a marker. The reduction is arbitrary because what occurred at trial and at the *Markman* hearing are incongruent. HP argued for a reduction of a portion of the trial-related costs because of the eventual exclusion of Dr. Stewart's testimony. (HP Opposition at 3.) Dr. Stewart did not even testify, for obvious reasons, at the *Markman* hearing.

[11] HP's reliance on *Summit* to preclude recovery of database creation is erroneous. In *Summit*, the Federal Circuit disallowed the "database development" costs because the prevailing party conceded it had mistakenly included the costs in seeking its recovery of photocopying costs. 435 F.3d at 1378-79. Moreover, the Federal Circuit applied First Circuit law, concluding that the First Circuit would "adopt a narrow definition of 'exemplification' for purposes of section 1920," which precludes the use of costs related to, *inter alia*, any video exhibit or database. *See id.* at 1377-78. On the other hand, the Second Circuit's definition of exemplification is broad. *See Air Crash*, 687 F.2d at 631.

5

(allowing for recovery of, *inter alia*, scanning of exhibits and creation of the exhibit database). The creation of such a database was certainly not "purely clerical or secretarial tasks" that should be considered at a lower rate.[12]

The fact that Cornell introduced a fraction of its exhibits at trial should not preclude exemplification costs associated with the trial exhibit database. Cornell prepared to meet its evidentiary burdens at trial and to defeat HP's use of every conceivable defense in its attempt to avoid the judgment ultimately entered against it. Moreover, it is not necessary that the underlying exhibit be admitted into evidence to collect exemplification costs. *Cf. Merritt Meridian Constr.*, 95 F.3d at 173 (allowing for recovery of costs under § 1920(4) "even through the underlying document was not admitted at trial").

Finally, the statute clearly allows for exemplification costs <u>and</u> duplications costs. *See* 28 U.S.C. § 1920(4). The statute thus does not force the prevailing party to an election of costs. Therefore, HP should be taxed $25,368.78 for Cornell's exemplification costs associated with the creation and preparation of its trial exhibit database.

### C.     Witness Fees For Dr. Marion Stewart Are Clearly Allowed By Statute.

Contrary to HP's assertion, witness fees associated with Dr. Marion Stewart are recoverable in accord with 28 U.S.C. § 1920(3). The Section allows for the recovery of costs associated with <u>attendance</u> by a witness at trial or at a deposition, reasonable travel expenses, and a subsistence allowance associated therewith. *See United States Media Corp. v. Edde Entm't, Inc.*, No. 94 Civ. 4849 (MHD), 1999 U.S. Dist. LEXIS 10605, at *24-25 (S.D.N.Y. July 13, 1999). As Cornell's damages expert , Dr. Stewart was deposed by HP and testified at trial. The court's post-trial ruling regarding Dr. Stewart's testimony does not retroactively "alter" Dr. Stewart's attendance at either his deposition or trial and HP does not provide any authority to support this exclusion. (*See* HP

---

[12] HP's reliance on *Rahman v. Smith & Wollensky Rest. Group* does not lead to a contrary conclusion. In *Rahman*, the paralegals had billed time for "filing documents in the court's electronic document system" and "locating documents in the case file." No. 06 Civ. 6198 (LAK)(JCF), 2009 WL 72441, at *8 (S.D.N.Y. Jan. 7, 2009). Creating the trial database and editing trial graphics do not equate to simply filing or locating documents.

6

Opposition at 7.) Hence, Cornell should be awarded Dr. Stewart's total witness fees in the amount of $4,043.67.

## III. CONCLUSION

Cornell respectfully requests that the Court grant its taxable costs pursuant to 28 U.S.C. § 1920 and tax HP for $947,719.11.

Respectfully Submitted,

DATED: May 13, 2009   By: *s/ Olivia M. Kim*

Edward G. Poplawski
Bryan K. Anderson
Denise L. McKenzie
Sandra S. Fujiyama
Olivia M. Kim

**SIDLEY AUSTIN LLP**
555 West Fifth Street
Los Angeles, CA 90013-1010
Telephone: (213) 896-6601
Facsimile: (213) 896-6600

James J. Mingle
Nelson E. Roth
Valerie Cross Dorn
OFFICE OF UNIVERSITY COUNSEL
Cornell University
300 CCC Building, Garden Avenue
Ithaca, NY 14853-2601
Telephone: (607) 255-5124

Attorneys for Plaintiffs Cornell University and
 Cornell Research Foundation, Inc.

7

# **CERTIFICATE OF SERVICE**

I hereby certify that on this day of May 13, 2009, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system which will send notification to the following counsel for HP:

| | |
|---|---|
| John Allcock | john.allcock@dlapiper.com, lwatts@graycary.com |
| Jerauld E. Brydges | jbrydges@hselaw.com, hculbertson@hselaw.com, jallison@hselaw.com, litigation@hselaw.com |
| Sean C. Cunningham | sean.cunningham@dlapiper.com, sally.jones@dlapiper.com |
| Brian M. Fogarty | brian.fogarty@dlapiper.com |
| Erin P. Penning | erin.penning@dlapiper.com, irene.folk@dlapiper.com |
| Barry K. Shelton | shelton@fr.com, pickett@fr.com, tipton@fr.com, zamen@fr.com |
| Licia E. Vaughn | licia.vaughn@dlapiper.com |

Executed on May 13, 2009, at Los Angeles, California.

*s/ Olivia M. Kim*
Olivia M. Kim