UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

**CORNELL UNIVERSITY, a nonprofit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a nonprofit New York corporation,**

        **Plaintiffs,**
    **-v-**                  **01-CV-1974**

**HEWLETT-PACKARD COMPANY, a Delaware corporation,**

        **Defendant.**

_____

**HEWLETT-PACKARD COMPANY, a Delaware corporation,**

        **Counterclaimant,**
    **-v-**

**CORNELL UNIVERSITY, a nonprofit New York corporation, and CORNELL RESEARCH FOUNDATION, INC., a nonprofit New York corporation,**

        **Counterdefendants.**

_____

APPEARANCES:

Sidley Austin Brown & Wood
Bryan K. Anderson, Esq., of Counsel
David T. Miyamoto, Esq., of Counsel
Denise L. McKenzie, Esq., of Counsel
Edward G. Poplawski, Esq., of Counsel
Olivia M. Kim, Esq., of Counsel
Sandra S. Fujiyama, Esq., of Counsel
555 W. Fifth Street, 40th Floor
Los Angeles, California 90013

and
Cornell University, Office of Counsel
James J. Mingle, Esq., of Counsel
Nelson E. Roth, Esq., of Counsel
Valerie L. Cross, Esq., of Counsel
300 CCC Building, Garden Avenue
Ithaca, New York 14853
Attorneys for Plaintiffs/Counterdefendants

DLA Piper, Rudnick, Gray Cary US LLP
Erin P. Penning, Esq., of Counsel
John Allcock, Esq., of Counsel
Sean C. Cunningham, Esq., of Counsel
Arthur A. Wellman, Esq., of Counsel
Licia E. Vaughn, Esq., of Counsel
Stewart M. Brown, Esq., of Counsel
401 B Street, Suite 1700
San Diego, California 92101-4297
and
Harter, Secrest & Emery LP
Jerauld E. Brydges, Esq.
1600 Bausch and Lomb Plaza
Rochester, New York 14604-2711
and
Fish, Richardson Law Firm
Barry K. Shelton, Esq., of Counsel
111 Congress Avenue
Suite 810
Austin, Texas 78701
Attorneys for Defendant/Counterclaimant

**Hon. Randall R. Rader, Circuit Judge, United States Court of Appeals for the Federal Circuit, sitting by designation.**

## MEMORANDUM DECISION AND ORDER

On March 31, 2009, this court entered final judgment in favor of Cornell against Hewlett-Packard, awarding damages for patent infringement in the amount of $53,494,282 (Dkt. No. 1095). Cornell requests this court, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, to enter an amended judgment that includes: (1) Cornell's Motion for Partial Fees and Costs under 35 U.S.C. § 285 (Dkt. No. 1103), and (2) Cornell's Motion for Prejudgment and

Post-Judgment Interest (Dkt. No. 1102).  This court held a hearing on May 6, 2009, regarding these motions.  Cornell filed a Bill of Costs with the court seeking $947,719.11 and requests an award of prejudgment interest in the amount of $35,987,088 at the prime rate, compounded annually, from the date of infringement.  Cornell also seeks post-judgment interest under 28 U.S.C. § 1961.  Hewlett-Packard opposes the motions.

I.

In its motion for partial fees and costs under 35 U.S.C. § 285, Cornell submits that it incurred $13.3 million in attorney fees and costs attributable to this litigation.  Cornell further requests a partial award of expert witness fees in the amount of $750,000.

This court has the discretion to award reasonable attorney fees in exceptional cases.  35 U.S.C. § 285 ("[T]he court in exceptional cases may award reasonable attorney fees to the prevailing party.").  However, before such an award is made, the court must first determine whether this case is "exceptional" within the context of the statute.  Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 1376 (Fed. Cir. 2001).  An award of attorney fees to a prevailing party under section 285 is unique to patent law, and must be predicated upon something beyond the fact that the patent holder has prevailed.  In other words, the case at hand must be truly unusual to justify an award of attorney fees.

Factors that courts have considered in determining whether a case is exceptional, within the realm of Section 285, include whether: (1) the infringing conduct was willful or intentional; (2) the losing party engaged in inequitable conduct before the Patent and Trademark Office; (3) offensive litigation tactics, including vexatious or unjustified litigation or frivolous filings, were employed; and (4) the losing party litigated in bad faith.  Id. at 1377-78; Brasseler U.S.A. I, L.P.

v. Stryker Sales Corp., 267 F.3d 1370, 1380 (Fed. Cir. 2001); Multiform Desiccants, Inc. v. Medzam, Ltd., 133 F.3d 1473, 1481-82 (Fed. Cir. 1998).  The Federal Circuit has instructed that when "assessing whether a case qualifies as exceptional, the district court must look at the totality of the circumstances."  Yamanouchi Pharm. Co., Ltd. v. Danbury Pharmacal, Inc., 231 F.3d 1339, 1347 (Fed. Cir. 2000).

The jury did not find willful infringement (Dkt. No. 1028).  This court concluded that there was no inequitable conduct before the Patent and Trademark Office (Dkt. No. 1096).  Reviewing the entire record, including discovery spanning five years, Hewlett-Packard did employ some marginally vexatious litigation tactics.  However, as Magistrate Judge Peebles noted, discovery was "contentious and hard fought" by both sides (Dkt. No. 743 at 29).  At the close of discovery, he concluded that "the playing field has been leveled" when he denied Cornell's request for sanctions.  Id.

When considering an award of attorney fees, the litigation must be considered as a whole.  Litigation by its nature is adversarial.  Clients seek, and, in fact, deserve zealous advocacy.  Taking all of the allegations of litigation misconduct as true for purposes of this motion, this court finds that actions of Hewlett-Packard's counsel did not stretch beyond the bounds of civility.  This court holds all counsel involved in this litigation in high regard with respect to their advocacy and timely assistance to the court.  Moreover, the parties did not violate the court's orders during trial.  Weighing the totality of the circumstances, this case does not rise to the level of "exceptional" to warrant the award of attorneys' fees.  As such, Cornell's motion under 35 U.S.C. § 285 is denied.

II.

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." The patent laws supplement this award, allowing a successful patent infringement claimant to recover "interest and costs as fixed by the court." 35 U.S.C. § 284; General Motors Corp. v. Devex Corp., 461 U.S. 648, 657 (1983) (holding that an award of prejudgment interest is generally appropriate when there is a finding of patent infringement). The question of pre-judgment interest, including both the rate to be applied and the method of compounding, is entrusted to the sound discretion of the court. Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1555 (Fed. Cir.), cert. denied, 516 U.S. 867 (1995); Studiengesellschaft Kohle, m.b.H. v. Dart Indus., Inc., 862 F.2d 1564, 1580 (Fed. Cir. 1988); Gyromat Corp. v. Champion Spark Plug Co., 735 F.2d 549, 556-57 (Fed. Cir. 1984). In exercising this discretion, the district court is guided by the fact that prejudgment interest is intended to place a patent owner in a position equivalent to where it would have been had there been no infringement. Underwater Devices, Inc. v. Morrison-Knudsen Co., Inc., 717 F.2d 1380, 1389 (Fed. Cir. 1983).

In this case, the jury found that Hewlett-Packard infringed several claims of the '115 patent. This court denied Hewlett-Packard's JMOL motion regarding infringement and validity, and awarded damages to Cornell. As such, Cornell is the "prevailing party" within the meaning of the statute and is entitled to taxable costs as fixed by the court.

In its opposition, Hewlett-Packard argues that Cornell's charge for trial graphics is unreasonable and should be reduced to $114,851. Trial graphics provide tremendous assistance to the sitting judge and jury. This court is not persuaded by Hewlett-Packard's argument that the graphic artists should be billed at the rate of a paralegal. The graphic artists are highly skilled

artisans trained at creating highly technical demonstratives.  They are not paralegals.  Thus, the requested amount is reasonable for the professional services provided by DecisionQuest, Cornell's outside trial graphics vendor.

Hewlett-Packard further argues that it should not be charged costs related to Cornell's damages expert, Dr. Marion Stewart.  Hewlett-Packard correctly notes that Dr. Stewart's testimony was largely excluded and stricken during trial.  In fact, as noted in prior orders, Dr. Steward continued to assert a damage theory in direct conflict with the court's instructions.  As such, Cornell's Bill of Costs is reduced by $4,043.67, the taxable costs related to Dr. Stewart's testimony.

In view of Cornell's Bill of Costs, it is entitled to $943,675.44 in taxable costs for expenses related to filing and service of process fees, depositions transcripts and related expenses, pre-trial and trial transcript expenses, witness fees, exemplification, and copying costs.

Cornell is also entitled to prejudgment and post-judgment interest under 35 U.S.C. § 284 and 28 U.S.C. § 1961, respectively.  The parties dispute the rate to be applied, the method of compounding, and the dates from which interest should be calculated.  Cornell requests prejudgment interest in the amount of $35,987,088 at the prime rate, compounded annually from the date of infringement, and post-judgment interest under 28 U.S.C. § 1961 (a) & (b).

Conversely, Hewlett-Packard submits that prejudgment interest should be calculated using the one-year treasury bill maturity rate ("T-Bill rate" or the same rate of interest used for calculating post-judgment interest under § 1961), compounded annually or at a simple rate, or Hewlett-Packard's short-term borrowing rate over the royalty period, both from the date of filing of the complaint in this case.

This court in Cargill, Inc. v. Sears Petroleum & Transport Corp. struck a balance between the parties' proposals. No. 5:03 CV 0530(DEP), 2004 WL 3507329, at *15-16 (N.D.N.Y. Aug. 27, 2004) (Peebles, M.J.). Sears Petroleum & Transport Corp. ("Sears") proposed application of the state statutory rate of nine percent under New York law, and that interest at that rate be compounded daily, even though New York law provides for only simple interest at a rate of nine percent. Id., No. 5:03 CV 0530(DEP), 2004 WL 3507329, at *15. Cargill, Inc. ("Cargill") proposed that prejudgment interest be calculated at the T-Bill rate. Id. This court found Sears' proposal too generous and Cargill's proposal inadequate. Id. In striking a balance between the proposals, this court utilized an average of the monthly prime rates of interest in place over the period of infringement, compounded annually. Id., No. 5:03 CV 0530(DEP), 2004 WL 3507329, at *16.

After careful consideration of the parties' arguments, this court finds that prejudgment interest should be calculated using the average, one-year T-bill rate, compounded annually. Indeed, the T-Bill rate has been accepted and employed by many courts in patent cases as a reasonable method of placing a patent owner in a position equivalent to where it would have been had there been no infringement. See, e.g., Laitram Corp. v. NEC Corp., 115 F.3d 947, 955 (Fed. Cir. 1997) (utilizing the T-Bill rate); Datascope Corp. v. SMEC, Inc., 879 F.2d 820, 829 (Fed. Cir. 1989), cert. denied, 493 U.S. 1024 (1990); Accuscan, Inc. v. Xerox Corp., 96 Civ. 2579, 2000 U.S. Dist. LEXIS 2822, at *6-8 (S.D.N.Y. Mar. 14, 2000).

Although arguments can be made for utilizing another method, the payment of royalties and interest compounded annually is an accepted practice within the patent field. See, e.g.,

Laitram Corp., 115 F.3d at 955 (compounding interest annually); Michaels v. Art Betterley Enters., 90-CV-1015, 1996 WL 722007, at *3-4 (W.D.N.Y. Dec. 12, 1996).

This court notes that prejudgment interest ordinarily is awarded from the date of infringement until entry of judgment. Nickson Industries v. Rol Mfg. Co., 847 F.2d 795, 800 (Fed. Cir. 1988). In this case, the evidence at trial demonstrates that Hewlett-Packard's infringing sales began in August 1996 (Dkt. No. 1099 at 4-5). Thus, prejudgment interest shall be calculated from the date of infringement, August 1, 1996, through the date of entry of the judgment, March 31, 2009. Post-judgment interest shall be calculated at the rate set by 28 U.S.C. § 1961, compounded annually.

Accordingly, it is hereby

ORDERED that Cornell's motion for attorneys' fees is denied. It is further

ORDERED that Plaintiffs are awarded (1) taxable costs in the sum of $943,675.44, (2) prejudgment interest, compounded annually, from August 1, 1996, until the date of the judgment, March 31, 2009, at the average T-Bill rate during that time; and (3) post-judgment interest at the rate set by 28 U.S.C. § 1961. It is further

ORDERED that the Clerk is directed to enter judgment accordingly.

May 15, 2009                                          /s/ Randall R. Rader
Washington, District of Columbia                   Randall R. Rader
                                                       Circuit Judge